STEFFENSON, by Guardian, Appellant, vs. STEFFENSON, Respondent.

*March 7—April 3, 1951.*

52

For the appellant there was a brief by *Knoblock & Konnak,* and oral argument by *Charles M. Constantine* and *Harold A. Konnak,* all of Racine.

For the respondent there was a brief by *Simmons, Walker, Wratten & Sporer,* and oral argument by *Rex Capwell, Jr.,* and *Warren M. Dana,* all of Racine.

BROWN, J. Sec. 46.10 (1), Stats. 1949, recites:

"Liability for the maintenance of patients in the institutions specified in this section and the collection and enforcement of such liability is governed exclusively by this section."

Sub. (2) declares that, besides the liability of the patient, the patient's spouse and certain relatives shall be liable to the state department of public welfare. Sub. (3) directs the department to make collection from the patient or person ". . . who in the opinion of the department under all of the circumstances is best able to pay, giving due regard to relationship and the present needs of the person or of his lawful dependents. . . ." The department brought its action and secured a judgment against the patient's estate from which

no appeal was taken. It must be presumed, therefore, for the purposes of this case that the estate in fact is better able to pay than is the husband. There is no provision which permits the person from whom the collection is made to pass the liability along to any other person or to obtain reimbursement from any other. Liability for the maintenance of the patient is thus declared and made exclusive but the guardian submits that, although its complaint demands "reimbursement," it is not relying on any statutory right or liability but does rely on the husband's common-law obligation to support and maintain his wife. It argues that in the present case he has not so supported her but that she has been forced to support herself from her own property and is aggrieved thereby and should have redress.

If this was a case of first impression we should not have much difficulty in recognizing the force of the argument. Unfortunately the common law of the state applicable to the facts of this case is established in opposition to plaintiff's contention. *Richardson v. Stuesser* (1905), 125 Wis. 66, 103 N. W. 261, dealt with an attempt by trustees of a county asylum to collect the cost of the wife's maintenance from the husband. There was then no statute like sec. 46.10, Stats., which the trustees could invoke and the issue was simply whether the husband had or did not have a common-law obligation to support his wife while she was a patient of the institution. The opinion was written by Mr. Justice MAR-SHALL, who also wrote the syllabus thereto. In the latter he said:

"4. The common-law liability of a husband to support his wife does not extend to supporting her outside the matri-monial home, reasonably chosen by him, unless he refuses to do so there, or she resides away therefrom by his consent.

"5. Such common-law liability cannot be extended by im-plication from the written law as to the support of other persons. It can only be extended by a statute plainly so in-tended.

"6. Where a wife, as a charity to her and protection to others, is by due process of law taken from the matrimonial home and confined in an asylum for the insane and the husband submits, or even takes the initiatory proceedings to secure for her the benefit of the public charity, there is no element of refusal by him to support her at the matrimonial home or consent by him to her absence therefrom, within the common-law rule rendering him liable for her support outside of such home.

"7. There being no express statute in this state extending the common-law liability of the husband to support his wife in a case where she has been removed from his home by due process of law and maintained at an asylum for the insane, he is not liable in such circumstances."

The opinion states the common law to the same effect at somewhat greater length, and ends (p. 74), "Our conclusion is that till the legislature makes some express provision to the contrary, no recovery can be had of the husband in a case of this sort." The only subsequent, pertinent legislative action which we find is that now included in sec. 46.10 (2) and (3), Stats., making the husband conditionally liable to the public authorities for the cost of maintenance without purporting to change the common law as it was stated by Mr. Justice MARSHALL; nor do these statutes purport to impose liability by the husband to his wife or to any party, other than the department, for her support while she is institutionalized. Of course we cannot say why the legislature did not see fit to create a more comprehensive statutory liability. What it did was sufficient to protect the state and it chose to go no further.

The *Richardson Case, supra,* was decided when insanity was still regarded as a family disgrace, when commitment was almost entirely for confinement only and the stigma of the asylum was strong. Relatives usually made great sacrifices to keep an afflicted person at home and acceded reluctantly to the patient's removal to an institution. Apparently the legislature was then satisfied with Mr. Justice MAR-

SHALL's statement of a husband's obligation and intentionally declined to change it. Today mental affliction is regarded as a great misfortune but not a disgrace and the help of the state in the care and possible cure of the patient is increasingly welcomed.

It is not the privilege of the court to abolish old immunities or to create new liabilities. It is the function of the legislature to make such changes if it believes changed conditions require them, and it may, if it chooses to do so, extend by statute the husband's common-law duty to support his wife notwithstanding the fact that she lives apart from him in an institution to which she has been duly committed.

Appellant places some reliance on sec. 247.095, Stats., which reads:

"247.095 *Actions to compel support by husband.* Any wife, whose husband fails or refuses, without lawful or reasonable excuse, to provide for the support and maintenance of his wife or minor children, may commence an action in any court having jurisdiction in actions for divorce, to compel such husband to provide for the support and maintenance of herself and such minor children as he may be legally required to support. The court, in such action, may determine and adjudge the amount such husband should reasonably contribute to the support and maintenance of said wife or children and how such sum should be paid. . . ."

The learned trial judge properly disposed of this contention as follows:

"It is true that this statute provides a means of securing the payment of support and maintenance by a wife against her husband when he refuses to support her. However, there must be a legal obligation upon the defendant to support the plaintiff as a condition precedent to the operation of this section. There being no common-law liability for the support of a wife committed to a state institution for the insane, the statutory liability of the husband is governed exclusively by sec. 46.10."

The lawful excuse of the husband in the present case is that his obligation to support his wife ended when she was committed and ceased to live in the home which he provided.

We have considered respondent's proposition that the trial court has no jurisdiction over the subject matter. We are convinced that there is jurisdiction but that the complaint has not stated a cause of action.

*By the Court.*—Order affirmed and cause remanded for further proceedings.