TORPHY, Respondent, vs. CONTINENTAL CASUALTY COMPANY, Appellant.

*April 5—May 8, 1951.*

198

For the appellant there was a brief by *Beyer & Sonnenberg, Ernst A. Beyer, Herbert F. Sonnenberg,* and *Gregory P.*

*Thibodeau,* all of Milwaukee, and oral argument by *Mr. Thibodeau.*

For the respondent there was a brief by *Karon & Weinberg* of Milwaukee, and oral argument by *Morris Karon.*

BROADFOOT, J. The parties agree that if there is ambiguity in the provisions of an insurance contract it is to be construed against the company and in favor of the insured. The plaintiff contends that the provisions of the policy providing for indemnity for loss of time from disability are ambiguous and that he is entitled to indemnity for that portion of his disability beyond the first three months thereof. Defendant contends that the provisions of the policy in that regard are not ambiguous and that under the terms of the policy and the undisputed facts the·company is not indebted to the plaintiff. The provisions of the policy pertinent to this action are as follows:

"Part II.—Indemnity for loss of time from disability.

"Indemnity is not payable under this part for any loss of time or disability for which indemnity is payable under Part I, nor is it payable for the first three months of any period of loss of time. Subject to these exceptions, if the insured shall be disabled by accidental injury or by sickness and by reason of such disability shall necessarily suffer loss of business time, the company will pay indemnity for such loss as follows:—

"A. *Total loss of business time.* If the said loss is of all business time, the company will pay said monthly indemnity so long as the insured lives and continuously suffers such total loss.

"B. *Partial loss of business time.* If the said loss of business time is not total but results from the physical inability of the insured to perform work substantially essential to the duty or duties of his occupation, *and if further such partial loss of time immediately succeeds a period of total loss of time for which indemnity is payable under the provisions of this part,* the company will pay one half said monthly indemnity for the continuous period of such partial loss of time not exceeding six months.

"Attention is called to the fact that no indemnity is payable under the provisions of Part II for the first part of any period of disability."

The defendant emphasizes the clause appearing above in italics and contends that it would only be liable under the terms of the policy if the plaintiff had been totally disabled for a period of three months or more followed by a period of partial disability. The plaintiff contends that the emphasized portion of the policy could be construed in different ways. He contends, for example, that if there is any period of total disability, say one week, which is followed by six months of partial disability, the first three months of disability, consisting of one week total and twelve weeks partial disability, are excluded from coverage by the terms of the policy, but that plaintiff should be entitled to recover for the balance of the period. Plaintiff also contends that said clause could reasonably be meant to distinguish between Part I and Part II of the policy. Part I thereof provides for payments for and loss of time due to loss of hands, feet, or eyesight, and therefore, the plaintiff contends, the language "and if further such partial loss of business time immediately succeeds a period of total loss of time for which indemnity is payable under the provisions of this part" may have been used to distinguish between the payments under Part I from those payable under Part II. He argues that partial loss of business time may result from minor sickness or from injuries described in Part I and such loss may continue for three months or less, and that to cover such minor sickness or partial loss of time resulting from injuries covered in Part I the company provides that partial loss of time must immediately succeed a period of total loss of time, and that it cannot be argued that such period of total loss of time must be at least three months.

Because in plaintiff's opinion the language could be given different constructions, he contends that it is ambiguous and,

when strictly construed against the company, the plaintiff is entitled to recover. The language does not appear to us to be ambiguous. It seems clear from the language used that the defendant only agreed to pay to plaintiff indemnity for a partial loss of business time after he had been disabled for a period of three months or more during which he lost all business time. In this case plaintiff lost all business time for a period of only two months. His loss of business time therefore is less than the minimum required by the provisions of the policy and he is not entitled to recover. Defendant's motion for summary judgment should have been granted.

*By the Court.*—Order reversed and cause remanded with directions to grant defendant's motion for summary judgment.