SULK, Respondent, vs. SULK, Appellant.

*February 4—February 28, 1958.*

For the appellant there was a brief by *Beaudry & Kershek* and *Eugene A. Kershek,* all of Milwaukee, and oral argument by *Eugene A. Kershek.*

For the respondent there was a brief by *Rice & Ramsey* and *Edward S. A. Ramsey,* all of Milwaukee, and oral argument by *Edward S. A. Ramsey.*

WINGERT, J. The husband's claim for relief from the alimony provisions of the judgment is based entirely on the contention that the court is without authority to require payment of alimony to a divorced wife whose maiden or other former name is restored to her pursuant to sec. 247.20, Stats. The contention cannot prevail. The rights of the ex-wife and the husband's obligations to her are not dependent upon her name, but are founded upon the former marriage. Sec. 247.26 authorizes award of alimony "upon every divorce from the bond of matrimony for any cause excepting that of adultery

committed by the wife," without qualification relative to the wife's name and without reference, express or implied, to sec. 247.20, which empowers the court to allow the wife to resume a former name where there are no children. We see no reason why *bona fide* resumption of a former name, or indeed any name not acquired by remarriage, should operate as a bar to the divorced wife's continued support in whole or in part by her former husband, where such support is otherwise in order.

While we understand it has been customary in some courts having divorce jurisdiction to deny alimony where the wife's former name is restored, and conversely to deny restoration of the former name where alimony is awarded, such action is based on the court's discretion, and not on legal requirement.

Appellant relies on *Steffenson v. Steffenson,* 259 Wis. 51, 47 N. W. (2d) 445, but that case is not in point. There we reluctantly held under the compulsion of *Richardson v. Stuesser,* 125 Wis. 66, 103 N. W. 261, that neither at common law nor by statute is a husband obligated to support his wife while she is committed to a state institution for the insane. Alimony, however, is a different matter, authorized by statute; and as we have pointed out, the statute does not condition it upon the wife's name.

*By the Court.*—Order affirmed.