STATE DEPARTMENT OF PUBLIC WELFARE, Respondent, v. CENTRAL STANDARD LIFE INSURANCE COMPANY and another, Appellants.

*March 4—April 2, 1963.*

For the appellants there were briefs by *Johns, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns.*

For the respondent there was a brief by *Charles C. Lubcke,* collection and deportation counsel, and *Clarence J.*

*Simon* and *James R. Pleyte,* assistant counsel, and oral argument by *Mr. Lubcke.*

BROWN, C. J.   On appeal the following issues are presented:

1. Whether the claim of the department is barred by the exclusion clause of the policy written by Central Standard.

2. Whether Central Standard and North American are jointly liable to the department by virtue of a "reinsurance agreement."

(1) *Exclusion clause.* Sec. 46.10 (2) and (3), Stats., provides as follows:

"(2) Any outpatient or patient in any charitable or curative institution of the state including the Wisconsin General Hospital or of any county or municipality, in which the state is chargeable with all or a part of the patient's maintenance, except tuberculosis patients mentioned in ch. 50 and secs. 51.27 and 58.06 (2), or heretofore or hereafter committed or admitted to any such institution, and his property and estate, including his homestead, or the husband or wife of such patient and their property or estates, including their homesteads, and in the case of a minor child the father or mother of the patient, and their property and estates, including their homesteads, shall be liable for such patient's maintenance not exceeding the actual per capita cost thereof, except as provided in secs. 51.22 (2m) and 51.37 (4), and the department may bring action for the enforcement of such liability, except that when it is shown that a husband, wife, widow, or minors, or an incapacitated person may be lawfully dependent upon such property for their support, the court shall give due regard to this fact and release all or such part of the property and estate from such charge that may be necessary to provide for such persons. The department shall make every reasonable effort to notify the relatives liable as soon as possible after the beginning of the maintenance but such notice or the receipt thereof is not a condition of liability of the relative.

"(3) After investigation of the ability to pay of the patient or relative liable for such maintenance, the department shall make collection from the patient or the person who in the opinion of the department under all of the circumstances is best able to pay, giving due regard to relationship and the present needs of the person or of his lawful dependents. However, the liability of relatives for maintenance shall be in the following order: First, the husband or wife of the patient; then, in the case of a minor, the father, and lastly the mother."

Appellants contend that the possible liability of the spouse or other relatives of Zintz would make it a conditional requirement or a right against another so that the exclusion clause would apply.

A purported exclusion clause in an insurance policy will be construed against the insurer unless the exclusion appears in plain, unambiguous language. *Meiser v. Aetna Casualty & Surety Co.* (1959), 8 Wis. (2d) 233, 238, 98 N. W. (2d) 919, sets forth this rule, as follows:

" 'Exclusion clauses are strictly construed against the insurer, especially if they are of uncertain import. An insurer may, of course, cut off liability under its policy with a clear language, but it cannot do so with that dulled by ambiguity.' "

With respect to the liability of Zintz, we must hold that it is absolute and not conditional. The creation of statutory liability in certain relatives merely authorizes the department to make collection from the patient or from these relatives who, in the opinion of the department, are best able to pay. This statute does not allow Zintz to shift his liability. *Guardianship of Sykora* (1956), 271 Wis. 455, 461, 74 N. W. (2d) 164; *Steffenson v. Steffenson* (1951), 259 Wis. 51, 47 N. W. (2d) 445. He remains unconditionally liable. We cannot hold that Zintz's liability was conditional because respondent might determine that someone else was better able to pay the bill.

The meaning of the phrase "without regard to rights against others" is not entirely clear. When read in its popular sense it means that if the requirement is unconditional it is not excluded from the coverage although there may be rights against others. However, appellants explain that the purpose of this exclusion clause was to preclude recovery under the present policy if Zintz could recover under a different policy of insurance. This clause, according to appellants, is similar to "other-insurance clauses," the purpose of which is to prevent fraud by allowing only a single recovery for a single loss. Allowing this explanation of the clause, however, it still is not sufficient to exclude the present loss. Other-insurance clauses are also construed strictly against the insurer and in favor of the insured. The statutory right of respondent to collect against another is clearly not other insurance within the meaning of those terms.

Appellants argue that the clause is to be read to exclude recovery if there is any right against another, provided the obligation is conditional. They contend sec. 46.10 (2) and (3), Stats., creates such a right against another by making it possible for the respondent to collect from the spouse of Zintz. This right of respondent to collect from another is solely within its discretion, and the exclusion clause in the present case is not sufficiently plain and concise to preclude recovery if respondent declines to pursue this alternate remedy. If an insurance company in writing its policy fails so to write a provision as to indicate with reasonable certainty what it means by the provision it has no just cause for complaint that the provision is given a reasonable construction contrary to its contention although its contention may also have reason to support it. In such case we will not do any fine or precise balancing of reasons or splitting of the hairs for the purpose of upholding the company's contention. *Charette v. Prudential Ins. Co.* (1930), 202 Wis. 470, 475, 476, 232 N. W. 848; *Wright v. Wrightstown-Morrison*

*Farmers Mut. Ins. Co.* (1936), 222 Wis. 462, 466, 269 N. W. 317.

We conclude that the present exclusion clause does not prevent respondent's recovery upon the policy.

(2) *Reinsurance or assumption agreement.* The failure of the courts, attorneys, text writers, and insurance companies to be precise in their use of the word "reinsurance" has caused much confusion in the meaning of the word. It is even suggested that the term has two distinct meanings, one referring to the indemnification of an insurance company by another, and the other meaning referring to the assumption of the liabilities of an insurance company by another with consent of the policyholders. 29A Am. Jur., Insurance, p. 823, sec. 1747. However, this latter type of contract is more accurately designated as an assumption agreement, Anno. 158 A. L. R. 695, or a substitution or transfer of risk agreement. 13 Appleman, Insurance, p. 506, sec. 7741.

Generally, the original insured cannot maintain an action against the reinsurer under a reinsurance agreement because there is no privity of contract. 13 Appleman, Insurance, p. 464, sec. 7694. 29A Am. Jur., Insurance, p. 832, sec. 1757. Under an assumption agreement the assured maintains his action under the policy against the company assuming the liabilities of the original insurer. Under certain circumstances the reinsurer and the reinsured may be jointly sued by the policyholder although only one recovery for the loss is allowed, as in the case where there is both a reinsurance and an assumption contract. 29A Am. Jur., Insurance, p. 833, sec. 1758. See other illustrations in 13 Appleman, Insurance, p. 544, sec. 7755.

In the present contract between Central Standard and North American, there are no provisions in which North American agreed to indemnify the loss or liability of Central Standard either in whole or in part, which provision is essential to the contract of reinsurance. Although the term

"Reinsurance" is used, the provisions indicate that Central Standard ceded to North American all its outstanding accident, sickness, and medical expense policies of insurance, that North American assumed all the liabilities under these policies, agreed to send policyholders certificate of assumptions, and agreed to investigate, settle, defend, and bear expenses of all claims on the policies. In view of these provisions we hold that the present contract is an assumption agreement and not a reinsurance agreement as that term is strictly known.

An insurance company cannot transfer its liability to another company and compel policyholders to accept the new company as the insurer. Such policyholders may elect to repudiate or accept the new company. 13 Appleman, Insurance, p. 545, sec. 7756. In the case before us the retention of the original insurance policy accompanied by silence of Zintz after receiving the certificate of assumption and his payment to North American of 15 premiums after notification of transfer of liability by North American constituted an acceptance of the assumption agreement. See Couch, Insurance, p. 2831, sec. 2258–1 (1945 Cum. Supp., Vol. III). Therefore, the present action can be maintained only against North American, and Central Standard is not liable to respondent.

*By the Court.*—Judgment reversed, with directions to dismiss respondent's action against appellant Central Standard. Judgment affirmed against appellant North American. No costs to be allowed on this appeal.

WILKIE, J., took no part.