McPHEE and wife, Respondents, v. AMERICAN MOTORISTS INSURANCE COMPANY, Appellant.

*No. 19. Argued February 26, 1973.—Decided March 27, 1973.*
(Also reported in 205 N. W. 2d 152.)

For the appellant there was a brief by *Hayes & Hayes* of Milwaukee, and oral argument by *Hamlin J. Hayes*.

For the respondents there was a brief by *Habush, Gillick, Habush, Davis & Murphy,* attorneys, and *Howard A. Davis* of counsel, all of Milwaukee, and oral argument by *Howard A. Davis*.

CONNOR T. HANSEN, J.   The single issue presented to this court concerns the extent of the liability of American, the insurer of Cornith, with respect to the amount of interest owed the plaintiffs who obtained a judgment in excess of the coverage afforded by American's policy.

Whether a liability insurer is liable for interest on that portion of a judgment received against the insured by a

third party which is in excess of the amount of the policy limits depends upon the language used by the parties in their contract of insurance. Contracts of insurance rest upon and are controlled by the same principles of law that are applicable to other contracts, and parties to an insurance contract may provide such provisions as they deem proper as long as the contract does not contravene law or public policy. The courts must construe and enforce such agreements as made and not make new contracts for the parties. *Bulman v. Bulman* (1955), 271 Wis. 286, 73 N. W. 2d 599.

The provisions of American's policy pertinent to payment of interest are:

"II. **Defense, Settlement, Supplementary Payments.** With respect to such insurance as is afforded by this policy, the company shall:

" (a)  defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient:

" (b) (1)  pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, . . .

" (2)  pay all expenses incurred by the company, all costs taxed against the insured in any such suit *and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;*

" (3) . . .
" (4) . . .

and the amounts so incurred except settlements of claims and suits, are payable by the company in addition to the applicable limit of liability of this policy." (Emphasis supplied.)

This policy provision has often been referred to as a "standard interest clause." The parties in the instant

case denominate it as such and it will hereinafter be referred to as such.

This court has never considered the application of the standard interest clause to facts such as are presented in the instant case. The issue was raised in *Nichols v. United States Fidelity & Guaranty Co.* (1961), 13 Wis. 2d 491, 109 N. W. 2d 131, but the issue therein was determined not properly before this court in that the appellant had failed to raise the issue in trial court. However, this court in dictum, at page 501, stated:

". . . Whether the entire amount of interest on the verdict should be allowed against the insurer when the amount of recovery exceeds policy limits seems to us on principle to depend upon the language of the policy. . . ."

Courts which have considered the standard interest clause are divided as to the meaning of the phrase "all interest accruing after entry of judgment." [1]

The minority of jurisdictions that have considered the question hold that the standard interest clause must be construed as creating a liability for interest only on that part of the judgment for which the insurer is responsible, thus rendering it liable for interest only on the amount of its liability as determined by its policy limits. These jurisdictions hold that the insurer's liability as so limited runs from the date of judgment until the amount of the policy limit together with interest thereon has been tendered, deposited or paid. [2]

---

[1] 15 Couch, *Insurance* (2d ed.), p. 705, sec. 56:36; Annot. (1961), *Liability insurer's liability for interest and costs on excess of judgment over policy limit.* 76 A. L. R. 2d 983.

[2] *Sampson v. Century Indemnity Co.* (1937), 8 Cal. 2d 476, 66 Pac. 2d 434; *Malmgren v. Southwestern Automobile Ins. Co.* (1932), 126 Cal. App. 135, 14 Pac. 2d 351; *James v. State* (La. 1963), 154 So. 2d 497; *Coveney v. Nationwide Mut. Ins. Co.* (1968), 58 Misc. 2d 480, 295 N. Y. Supp. 2d 814; *Home Indemnity Co. v. Corie* (1954), 206 Misc. 720, 134 N. Y. Supp. 2d 443 affirmed without opinion 144 N. Y. Supp. 2d 712; *Factory Mut. Liability Ins. Co.*

Among the reasons advanced by the various courts so holding, and now urged by American in the case at bar, are that the clause is clear and unambiguous; that liability of the insurer for interest on that portion of judgment in excess of the policy limits amounts to vicarious liability; that the insured, during the delay on the part of the insurer in paying its part of the judgment, had the use of the money on that part of the judgment in excess of the policy limits; that liability for the interest upon the entire judgment will tend to discourage otherwise meritorious appeals; and that premium rates are based on insurer's maximum liability, and interest costs upon the entire judgment above and beyond the policy limits are not contemplated.[3]

On the other hand, the majority of jurisdictions which have considered the application of the standard interest clause to the factual situation herein presented reach the opposite result. They have construed this policy provision as creating liability upon the insurer for interest upon the entire amount of the judgment.[4] The insurer is thus liable for interest upon the entire amount of the

---

of Amer. v. Cooper (R. I. 1970), 262 Atl. 2d 370; Standard Accident Ins. Co. of Detroit v. Winget (9th Cir. 1952), 197 Fed. 2d 97, 34 A. L. R. 2d 250.

[3] See: Annot. 76 A. L. R. 2d 983, 991, sec. 5.

[4] River Valley Cartage Co. v. Insurance Co. (1959), 17 Ill. 2d 242, 161 N. E. 2d 101; Highway Casualty Co. v. Johnston (Fla. 1958), 104 So. 2d 734; Stamps v. Consolidated Underwriters (1972), 208 Kan. 630, 493 Pac. 2d 246; Coventry v. Steve Koren, Inc. (1965), 1 Ohio App. 2d 385, 30 Ohio Ops. 2d 397, 205 N. E. 2d 18; Kraynick v. Nationwide Ins. Co. (1963), 80 N. J. Super. 296, 193 Atl. 2d 419; Powell v. T. A. & C. Taxi Co. (1963), 104 N. H. 428, 188 Atl. 2d 654; Mayberry v. Insurance Co. (1965), 264 N. C. 658, 142 S. E. 2d 626; Draper v. Great American Ins. Co. (Tenn. 1970), 458 S. W. 2d 428; Plasky v. Gulf Ins. Co. (1960), 160 Tex. 612, 335 S. W. 2d 581; Weber v. Biddle (1971), 4 Wash. App. 519, 483 Pac. 2d 155; Underwood v. Buzby (Pa. D. C. 1955), 136 Fed. Supp. 957, affirmed (3d Cir. 1956), 236 Fed. 2d 937.

judgment, including the portion thereof in excess of the policy limits.[5]

Among the reasons advanced in these jurisdictions are: The clause is ambiguous and must, therefore, be construed against the insurer; the clause, since it uses the word "judgment" without qualification in one place, and in another with qualification relating to the policy limit, clearly shows the intention of the insurer to assume liability for interest on the entire judgment; and since the insurer controls the litigation and by delaying payment may influence the accumulation of interest, it should bear the entire expense of such delay.[6]

There is an irreconcilable conflict among the authorities. We conclude that the reasoning of the majority of jurisdictions, which have considered this issue, is more persuasive.

Necessarily involved in the determination of this question is an analysis and examination of the provisions of the insurance policy. *Nichols v. United States Fidelity & Guaranty Co., supra.* An insurance policy must be construed in accordance with the principle that the test is not what the insurer intended its words to mean but what a reasonable person in the position of an insured would have understood the words to mean.[7] While this court will not, under the guise of strict construction against the insurer, rewrite a policy,[8] whatever ambiguity exists in a policy of liability insurance must be resolved in favor of the insured.[9]

---

[5] 8 Appleman, *Insurance Law and Practice*, p. 363, sec. 4899; 52 Marq. L. Rev. (1969), 396, 398.

[6] *See:* Annot. 76 A. L. R. 2d 983, 987, sec. 4.

[7] *Luckett v. Cowser* (1968), 39 Wis. 2d 224, 159 N. W. 2d 94.

[8] *Waters Motor Co. v. Grain Dealers Mut. Ins. Co.* (1961), 12 Wis. 2d 231, 107 N. W. 2d 129; *Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. 2d 545, 105 N. W. 2d 807.

[9] *Neumann v. Wisconsin Natural Gas Co.* (1965), 27 Wis. 2d 410, 134 N. W. 2d 474; *Torphy v. Continental Casualty Co.* (1951), 259 Wis. 197, 47 N. W. 2d 740; *Huntington v. Fraternal Reserve Asso.* (1921), 173 Wis. 582, 181 N. W. 819.

We are of the opinion that a reasonable person in the position of the insured would understand the language used in the American policy to mean that American is liable for interest upon the entire judgment. This would include interest on the portion thereof in excess of the policy limits. The court, in *Russom v. United Services Automobile Asso.* (Tex. D. C. 1956), 143 Fed. Supp. 790, 796, stated:

"It would seem that the framers of the policy, for once, used language that was clear and unambiguous to accomplish the intended result, and this clause has been construed to require the company to pay interest on the entire judgment, even that portion thereof in excess of its policy limits, . . ."

The phrase "all interest" does not connote the thought of some interest, or part of the interest on the judgment, but rather all interest on the judgment, whatever its amount in relation to the policy limits. *Powell v. T. A. & C. Taxi Co., supra,* page 655; *Mayberry v. Insurance Co., supra,* page 630; *Draper v. Great American Ins. Co., supra,* page 431; *Russom v. United Services Automobile Asso., supra.* In addition, the language used in this section is consistent with the view that interest on the entire amount should be allowed. The phrase referring to interest uses the term "judgment" without qualification or restriction, while in the same clause the phrase limiting the duration of liability for interest refers to "such part of such judgment as does not exceed the limit of the company's liability thereon."

Also, clause II (b) (1) of the policy provides that the company shall "pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy." We point this out to demonstrate that the insurer knew how to qualify the term "judgment" to achieve the result American now urges. In the standard interest clause, it did not do so. *River Valley Cartage Co. v. Insurance Co., supra; Powell*

*v. T. A. & C. Taxi Co., supra.* Very little restrictive language would have been required to limit the liability of American to interest only upon that portion of the judgment covered by its policy. The court, in *Plasky v. Gulf Ins. Co., supra,* 160 Tex. at 615, 335 S. W. 2d at page 583, observed:

". . . By the terms of the policy the insurer undertakes to pay all interest accruing after entry of judgment until it has paid, tendered or deposited in court that part of the judgment which does not exceed the limit of its liability thereon. The contract thus recognizes that a judgment in excess of the policy limits may be taken against the insured and shows that those who drafted the instrument knew how to differentiate between such a judgment and the company's portion thereof. We think that in this context the agreement to pay *'all* interest accruing after entry of judgment' plainly and unequivocally obligates the insurer to pay interest on the entire judgment until its part of the same has been paid, tendered or deposited in court. . . ."

In addition to agreeing to pay the expenses of the defense, costs and interest, American has specifically assumed the obligation in section II that ". . . the amounts so incurred, except settlements of claims and suits, are payable by the company in addition to the applicable limit of liability of this policy." This phrase also strengthens the position that the liability insurer regarded such payment of costs, interest and other expenses as supplemental to the applicable limits of the policy. Absent specific words to the contrary, the policy limits are inapplicable and do not constitute a restriction upon the amount of interest to be paid under that portion of American's policy entitled, "II Defense, Settlement, Supplementary Payments." *Powell v. T. A. & C. Taxi Co., supra,* page 656.

It is also reasonable that the additional accumulation of interest caused by delay or trial tactics should be borne by the party causing the delay. Pursuant to clause

II (a) of American's policy, American has complete control of any litigation from which it might incur liability. In respect to this provision, the Supreme Court of Illinois, in *River Valley Cartage Co. v. Insurance Co., supra,* 17 Ill. 2d at 245, 161 N. E. 2d at 103, stated:

> "In addition, the realities of the relationship between the insurer and the insured argue against the insurer's interpretation. Under the terms of the policy the insurer has complete control of any litigation from which it might incur liability. The insured can not settle with the plaintiff without releasing the insurer from its obligation. Any delay that may cause the accumulation of interest is thus the responsibility of the insurer. And until it has discharged its obligations under the policy it should bear the entire expense of this delay."

Clause II of American's policy commences with the preamble, "With respect to such insurance as is afforded by this policy. . ." American contends that the preamble makes specific reference to the face amount of the policy and that this reference is controlling as to the provisions contained in clause II. We are not inclined to place such significance on the above-quoted preamble. The costs of defense, interest and other expenses are part of the "insurance" afforded by the policy. The preamble is no restriction thereon.[10]

While policies are to be given a reasonable construction and not one that leads to an absurd result,[11] as pointed out in *Underwood v. Buzby, supra,* 236 Fed. 2d at page 938, this construction is not "unnatural" [12] in

[10] While the court in *Underwood v. Buzby, supra,* 236 Fed. 2d at page 938, felt this preamble may cause some doubt, it held that whatever doubt was raised was dispelled by the rule requiring interpretation of such an insurance contract against the insurer. *See also: French v. Fidelity & Casualty Co.* (1908), 135 Wis. 259, 115 N. W. 869.

[11] *Kopp v. Home Mut. Ins. Co.* (1959), 6 Wis. 2d 53, 94 N. W. 2d 224.

[12] *Cf.* the language used in *Sampson v. Century Indemnity Co., supra,* 8 Cal. 2d 476, 66 Pac. 2d at p. 437.

view of the company's right to control the conduct of the suit and its power to escape liability for interest through the payment or tendering of its part of the judgment into court.

American also argues that it was not its intention that the liability for interest extend to the entire judgment and that inasmuch as the premium rates are based upon the insurer's maximum liability it would be unjust to impose liability upon the insurer which it did not contemplate and for which it was not compensated. What is most striking about the opinions of the minority of the courts and American's contentions is that the argument conflicts with the interpretation advocated by the insurance industry. A review of this subject is found in Ramsey, *Interest on Judgments Under Liability Insurance Policies,* Insurance Law Journal (July, 1957, No. 414), pp. 407, 411, where it was stated:

"The new family combination automobile policy, issued by The National Bureau of Casualty Underwriters, now provides with reference to this question that the insurance company is required to pay:

" '. . . all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon.'

"The National Bureau of Casualty Underwriters has also issued a directory to its member companies reading:

" 'Several court cases have held that an insurer's obligation to pay interest extends only to that part of the judgment for which the insurer is liable. The respective rating committees have agreed that this is contrary to the intent. As a result, the wording with respect to payment of interest in the new Family Automobile Policy has been restated, in order that it be entirely clear that all interest on the entire amount of any judgment, which accrues after entry of the judgment, is payable by the insurer until the insurer has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the insurer's liability thereon.

" 'All Automobile and General Liability policies will be changed accordingly upon revision. In the meantime, they should be interpreted in keeping with the above intent.'

"This directory is in accordance with the interpretation previously applied to the earlier National Bureau of Casualty Underwriters' policies as expressed by insurance underwriters and executives."

An earlier interpretation of the standard interest clause is contained in Risjord & Austin, *Standard Family Automobile Policy*, Insurance Law Journal (April, 1957, No. 411), p. 201, wherein it is stated:

"**Supplementary payments.**—In cases where a judgment is recovered against the insured for an amount in excess of the applicable policy limit, the underwriters have always intended that the company would pay all interest, on the entire amount of the judgment, accruing after entry of the judgment and before the company has paid or tendered or deposited that part of the judgment which is within the applicable policy limit. There have been cases to the contrary. . . .

"The family automobile policy expressly states that the company will pay 'all interest on the entire amount of any judgment,' so it is hoped that there will be no further effort by the companies to restrict their obligations to interest which applies to that part of the judgment which is within the applicable policy limits."

American further contends that the standard interest clause, if construed to obligate it to the interest upon the entire judgment, is contrary to public policy in that it would penalize the insurance company for exercising the right to appeal.[13] We do not agree. The policy reserves to American the power to avoid liability for additional interest on the entire judgment by paying, tendering or depositing a part of the judgment as provided therein. If the insurer makes it clear that the payment, tender

---

[13] See: *Malmgren v. Southwestern Automobile Ins. Co.*, supra; *James v. State*, supra.

or deposit is not simply a partial payment of the judgment but is made in its own right to protect itself against further liability for interest on the entire judgment, an appeal by or on behalf of the insured should not be prejudiced thereby.[14] It appears American was well aware of this provision. Prior to the initiation of this appeal, American paid to the plaintiffs the face value of its policy and interest thereon. Through stipulation of the parties, each party reserved their respective positions as to interest prior to July 30, 1971; however, American terminated its liability for interest thereafter.

American was the drafter of this contract of insurance, the choice of language belonged to it. If an insurance company in drafting its policy fails to write a provision as to indicate with reasonable certainty what it means by the provision, it has no just cause to complain when that provision is given a reasonable construction contrary to its contentions.[15]

There being no dispute as to the facts, the trial court properly determined, upon plaintiffs' motion for summary judgment, that American was liable for interest on the entire judgment as a matter of law.

*By the Court.*—Judgment affirmed.

---

[14] *See: Plasky v. Gulf Ins. Co., supra,* 160 Tex. 612, 335 S. W. 2d at p. 583.

[15] *State Dept. of Public Welfare v. Central Standard Life Ins. Co.* (1963), 19 Wis. 2d 426, 120 N. W. 2d 687.