532 P.2d 54 (1974)
W. L. HOUSER, Plaintiff-Appellant,
v.
Wilbert W. ECKHARDT, Defendant,
v.
SECURITY INSURANCE COMPANY OF HARTFORD, Garnishee-Appellee.
No. 73-419.
Colorado Court of Appeals, Div. II.
December 24, 1974.
Rehearing Denied January 14, 1975.
Certiorari Granted March 10, 1975.
March, March, Sullivan & Myatt, Arthur E. March, Jr., Fort Collins, for plaintiff-appellant.
Warberg & Mast, Sonja E. Warberg, D. Chet Mast, Fort Collins, for garnishee-appellee.
Selected for Official Publication.
*55 STERNBERG, Judge.
The issues presented by this appeal concern the extent of an insurer's obligation to pay interest on a judgment against its insured where the amount of that judgment exceeds the policy limit. A judgment in favor of the plaintiff against the insured was affirmed on appeal. In a subsequent garnishment action by the plaintiff against the insurer, the trial court limited the insurer's obligation to that interest accruing after entry of judgment, and made it applicable only to the amount of the judgment up to the policy limit. The insurer was not held liable for interest on any amount over the policy limit. We reverse.
Because the case involved three trials, two appeals, one mistrial, and now this appeal, more than 11 years have elapsed since the original filing of a suit on August 27, 1963, for damages resulting from personal injuries sustained in an automobile accident. This extended litigation culminated in the third jury trial at which a verdict for the plaintiff in the amount of $63,000 was awarded and later upheld by this court. (Houser v. Eckhardt, Colo., 506 P.2d 751 (not officially published).)
That jury verdict was received on March 11, 1971, and pursuant to C.R.S. 1963, 41-2-1, the trial court properly ordered, "that interest in the amount of $28,501.20 be added to the amount of damages assessed by the verdict of the jury, thereby increasing said Judgment ... to a total Judgment of $91,501.20."
On April 19, 1973, after the mandate which affirmed the judgment had been issued by this court, the insurer paid into the registry of the district court the policy limit of $25,000, plus $3,175.04 as interest due on the $25,000 from the date of entry of judgment to the date of payment. Following a hearing on the plaintiff's garnishment petition against the insurer, the trial court, in essence, agreed with the insurer's interpretation of its liability, and held that the terms of the policy obligated the insurer to pay only $25,000 of the total judgment entered, plus that interest attributable to the $25,000 from the date of entry of the judgment to the date of payment. The insurer paid some additional costs found to be due by the trial court, and thereupon, an order was entered releasing it from further liability.

I.
The statute applicable at that time, C.R.S.1963, 73-1-2 (reenacted without change as 1971 Perm.Supp., C.R.S.1963, XX-XX-XXX) allowed judgment creditors to receive interest at the rate of 6% per annum "from the day of entering said judgment until satisfaction thereof be made...." Thus, interest on the amount of the judgment, $91,501.20, has been accruing since March 11, 1971, the date of entry of judgment on the jury verdict. The plaintiff contends that the insurer is liable for all of the post-judgment interest. We agree.
The insurance policy provides several separate coverages. First, Insuring Agreement I in Coverage A obligates the insurer:
"[T]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . ."
(That obligation was limited to $25,000 in this particular policy.)
A different insuring agreement specifies other and additional obligations of the company:
"II. Defense, Settlement, Supplementary Payments: With respect to such insurance as is afforded by this policy, the company shall:
......
"(b)(2) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon . . . ." (emphasis supplied)
*56 As it relates to the issue of interest accruing after judgment, the language of the insuring agreement is clear and is not ambiguous. The insurance company has issued a policy containing a separate and distinct coverage from that which provides the bodily injury protection. In this separate insuring agreement, it has contracted to pay "all interest accruing after the entry of judgment." It should be held to this obligation. There is nothing in Insuring Agreement II which ties the obligation for interest to the limit of liability applicable to the bodily injury coverage, and we cannot insert such language. The insurer is, therefore, obligated to pay all interest accruing on the judgment from the date of its entry to the date on which it pays the amount of its liability under the policy.
The rule that we are enunciating has been adopted by the majority of courts which have considered this issue. See, e. g., River Valley Cartage Co. v. Hawkeye-Security Insurance Co., 17 Ill.2d 242, 161 N.E.2d 101, 76 A.L.R.2d 978; McPhee v. American Motorists Insurance Co., 57 Wis.2d 669, 205 N.W.2d 152. These cases reflect the realities of litigation where an insurance company is providing a defense of a suit for its insured. In discussing the rationale behind the majority rule, the court stated in McPhee, supra:
"Among the reasons advanced in these jurisdictions are: The clause is ambiguous and must, therefore, be construed against the insurer; the clause, since it uses the word `judgment' without qualification in one place, and in another with qualification relating to the policy limit, clearly shows the intention of the insurer to assume liability for interest on the entire judgment; and since the insurer controls the litigation and by delaying payment may influence the accumulation of interest, it should bear the entire expense of such delay."
The reasoning of the courts in those jurisdictions that reach a contrary result is not persuasive since they find an ambiguity and then resolve it in favor of the insurer. See Sampson v. Century Indemnity Co., 8 Cal.2d 476, 66 P.2d 434, 109 A.L.R. 1162; Standard Acc. Ins. Co. v. Winget, 197 F.2d 97 (9th cir.).
As a further objection to an award of post-judgment interest, the insurer urges that to award interest on the $63,000 jury verdict and further interest on the $91,501.20 judgment is contrary to Colora do law. We disagree with this contention. C.R.S.1963, 41-2-1, states in part:
"[I]t shall be the duty of the court, in entering judgment for the plaintiff in such action, to add to the amount of damages assessed by the verdict of the jury, or found by the court, interest on such amount, calculated at the legal rate from the date such suit was filed to the date of entering said judgment, and to include the same in said judgment as a part thereof." (emphasis supplied)
It was held in Butler v. Rockwell, 17 Colo. 290, 29 P. 458, that: "[A] judgment partakes of the nature of a contract sufficiently to supersede the original contract or cause of action, both as to principal and interest." Further, as stated in North Drive-In Theatre Corp. v. Park-In Theatres, Inc., 248 F.2d 232 (10th cir.):
"It is the general rule that `a judgment bears interest on the whole amount thereof, although such amount is made up partly of interest on the original obligation, and even though the interest is separately stated in the judgment.' 47 C.J.S. Interest § 21 b."
Thus, while plaintiff is benefiting from the compounding of interest, such result is not prohibited by law.

II.
In accordance with C.R.S.1963, 41-2-1, the trial court added to the verdict interest from the date of filing suit to the date of judgment. Plaintiff urges that the statute obligates the insurer to pay the pre-judgment interest on that portion of *57 the judgment up to the policy limit, even though this would increase the liability of the insurer to an amount over that for which it had contracted in Insuring Agreement I Coverage A.
Insuring Agreement II(b)(2), stating as it does that the insurer is to pay "all interest accruing after entry of judgment" (emphasis supplied), cannot be held to apply to interest awarded pursuant to C.R.S.1963, 41-2-1, which by its very nature accrues prior to judgment. This pre-judgment interest is in the nature of another item of damages. See Lineman v. Schmid, 32 Cal. 2d 204, 195 P.2d 408; Turcotte v. DeWitt, 333 Mass. 389, 131 N.E.2d 195. That is, it represents a legislatively prescribed award for any delay in plaintiff's receipt of money to which he has been found legally entitled. Thus, the insurer's liability for damages includes both the amount of the jury verdict and any interest on that verdict accruing prior to the entry of judgment. Here, by the terms of the policy, the maximum amount of the insurer's obligation for the total of these two items of damages may not exceed $25,000.
The insurer's liability, therefore, is the amount of the policy limit ($25,000) plus all interest that has accrued, and is continuing to accrue, on the judgment of $91,501.20 from the date of entry of that judgment until the company has paid, tendered or deposited in court the sum for which it is liable. The $28,175.04 which the insurer paid into the registry of the district court on April 19, 1973, shall be applied first to interest on the judgment that had accrued as of that date, see 47 C. J.S. Interest § 66, and the balance to the policy limit of $25,000. Since the insurer did not pay all of the amount of its liability under the terms of the policy by that payment into the court, the insurer remains obligated to pay interest continuing to accrue on the balance of the judgment until it pays the remaining amount for which it is obligated.
We have considered the insurer's assertion that the appellant's notice of appeal is defective and find it to be without merit.
Judgment reversed and cause remanded with directions to enter judgment for plaintiff consistent with this opinion.
ENOCH and SMITH, JJ., concur.