Marta P. DONATO, Plaintiff,

v.

NORTHWESTERN NATIONAL INSURANCE GROUP, the correct name of said defendant is, NN Investors Life Insurance Company, Inc., of Milwaukee, Wisconsin, Defendant.

Civ. A. No. 75–C–196.

United States District Court, E. D. Wisconsin.

Jan. 30, 1978.

Joseph P. Balistrieri, Milwaukee, Wis., for plaintiff.

John T. McCann, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

On April 8, 1975, plaintiff Marta P. Donato instituted this action for judgment of $200,000 allegedly owing on a life insurance policy issued by defendant's former affiliate, NN Investors Life Insurance Company, to her husband John O. Donato with Marta P. Donato as the named beneficiary, and for judgment of $250,000 as exemplary and punitive damages for defendant's alleged willful and malicious breach of the terms of the insurance policy. Defendant answered, alleging that John O. Donato has made false statements of material fact in applying for the policy, as a result of which defendant canceled the policy after the death of the insured and tendered back to plaintiff the premiums theretofore paid. The Court has jurisdiction in diversity of this action under 28 U.S.C. Section 1332, and has determined previously that the law of the State of Wisconsin shall apply.

The matter is presently before the Court on plaintiff's motion for summary judgment, brought pursuant to Rule 56 of the Federal Rules of Civil Procedure and filed on September 24, 1976. Plaintiff bases her motion on an alleged inconsistency, or, in the alternative an ambiguity, in the insurance policy, which she contends must be resolved in favor of the insured. For the reasons hereafter stated, plaintiff's motion will be denied. The Court finds that there is no ambiguity in the policy, nor any inconsistency, but rather that the policy, read as a whole, has the meaning for which the defendant argues.

Effective July 1, 1973, NN Investors Life Insurance Company issued a group decreasing term life insurance policy, Policy No. GL–0802502, to American Medical Profession Trust (hereafter "AMPT"). The Group Policy contains the following provision, which for purposes of this decision we will call the "Incontestability Provision":

"Incontestability. This policy shall be incontestable after two years from its date of issue, except for non-payment of premium. No statement made by an Insured relating to his insurability shall be used in contesting the validity of the insurance under the Policy with respect to which such statement was made after such insurance has been in force prior to the contest for a period of two years during such Insured's lifetime nor unless it is contained in a written instrument signed by such Insured."

Effective November 1, 1973, John O. Donato, a member of AMPT, took out an individual policy, certificate No. 2012, under the group policy in the amount of $100,000. Thereafter the group policy was amended effective March 1, 1974, to permit individuals in Mr. Donato's age group to obtain up to $200,000 worth of insurance. Mr. Donato took advantage of the amendment to increase his individual policy coverage to $200,000, effective March 1, 1974. Mr. Donato died on April 4, 1974.

The dispute in this action centers around two riders which were allegedly attached to Mr. Donato's individual policy at the time that he increased his coverage. The first rider, Form No. 26022, entitled "Rider to Certificate of Insurance", is a printed form which provides:

"This Rider to the Certificate of Insurance is issued as evidence of amendment in the Policy of Group Insurance identified below. (Identified as "Policyholder —American Medical Profession Trust" and "Policy number—802502.)

"\* \* \*

"In the General Provisions of the Certificate of Insurance, the Section entitled Incontestability is deleted in its entirety and replaced by the following provision:

"Incontestability. The validity of the Policy shall not be contested except for non-payment of premium. The validity of the insurance for any eligible person insured under the Policy shall not be contested except for non-payment of premium.

"This Rider amends and becomes a part of the Certificate of Insurance to which it is attached; it takes effect with and expires concurrently with such Certificate." The second rider, identified on its face as "evidence of amendment in the insurance provided under the group policy" (No. GL–802502) to certificate holder John O. Donato, Certificate No. 2012, provides in a typewritten provision:

"As of the effective date shown below (March 1, 1974), the amount of insurance provided by this certificate has been increased by $100,000 to a total of $200,000.

"The amount of increase shown above is subject to the certificate provisions entitled 'Incontestability' and 'Suicide' to their full extent. These provisions shall apply to the original amount of insurance (that provided before this increase is effected) only insofar as they applied to the original Certificate No. 2012."

Plaintiff contends that as a result of the attachment of the first rider to Mr. Donato's individual policy at the time that he increased his coverage, the group policy pursuant to which he had obtained his individual coverage was amended in such a way as to prevent the defendant from claiming thereafter that Mr. Donato had made misstatements of fact in applying for his original individual coverage.

Defendant contends that the first rider was intended to be attached to individual policies held by members of AMPT who were applying for an increase in coverage only if those members already had individual insurance which had been in effect for a two-year period, which Mr. Donato's had not.[1] Therefore, defendant claims, the first rider was improperly attached to Mr. Donato's policy, if indeed it was attached at all. Defendant points out that the copy of Mr. Donato's individual policy which is attached to plaintiff's complaint as Exhibit B contains the second, typewritten rider only, although the copy of the policy which is attached to plaintiff's motion for summary judgment as Exhibit B contains both the first and the second riders. In an affidavit filed January 14, 1977, Mr. Paul Saylor, defendant's Staff Legal Assistant, states that defendant does not retain copies of individual certificates of insurance issued to group members under a group policy, and therefore is not in a position to know which riders were in fact attached to Mr. Donato's individual policy at the time he increased his coverage. In any event, defendant contends, the second, typewritten rider to Mr. Donato's individual policy controls over the first, printed rider and therefore defendant is entitled to contest payment to plaintiff on the ground of misstatements made by the insured in applying for his original coverage.

The Court must assume for purposes of this motion that the first rider, i. e., Form No. 26022, was attached to Mr. Donato's policy of individual insurance at the time that Mr. Donato increased his coverage. Plaintiff has submitted with her motion an affidavit prepared by her attorney Joseph Balistrieri in which he states, based upon his investigation of papers and documents within the possession and control of the plaintiff, that the rider was so attached. A copy of what is allegedly the full set of papers constituting the policy of individual insurance issued to Mr. Donato has been submitted to the Court as Exhibit B attached to the plaintiff's motion, and the first rider is contained therein. Mr. Saylor's affidavit, in contrast, admits that defendant does not retain copies of individual policies, and therefore lacks information on the point of which riders were in fact attached to Mr. Donato's individual policy.

On the facts presented the plaintiff is not entitled to summary judgment. There is no dispute that the second rider containing the typewritten non-waiver clause was included in Mr. Donato's individual policy at the time that he increased his coverage. The plaintiff would have the Court read that policy in a step-by-step fashion. That is, plaintiff

1. NN Investors Life Insurance Group Policy No. GL–0802502 replaced a policy previously issued to AMPT by Fidelity Life Association. Mr. Donato did not obtain coverage through AMPT until after the NN Investors policy went into effect.

argues that the first, printed rider amends the group policy by expunging therefrom the incontestability provision, with the result that the second, typewritten rider cannot revive the incontestability provision by reference.

But a policy of insurance is to be read as a whole, exclusions and additions thereto being as much a part of the policy as the insuring clauses. *Laabs v. Chicago Title Insurance Company*, 72 Wis.2d 503, 241 N.W.2d 434 (1976); *D'Angelo v. Cornell Paper Board Products Co.*, 59 Wis.2d 46, 51, 207 N.W.2d 846 (1973). Further, an insurance policy should be given a reasonable construction and not one leading to an absurd result. *Olguin v. Allstate Insurance Company*, 71 Wis.2d 160, 237 N.W.2d 694 (1976); *McPhee v. American Motorists Insurance Company*, 57 Wis.2d 669, 205 N.W.2d 152 (1973). Plaintiff's proposed reading of the policy is not only in violation of the rule of construction that the policy must be read as a whole; it would also require the Court to overlook the plain language of the second rider. Even more basic than the rule that an insurance policy is to be interpreted in favor of the insured is the rule that the terms of a contract of insurance are not to be rewritten by a court under the guise of strict construction to emasculate the intent of the parties. *Garriguenc v. Love*, 67 Wis.2d 130, 226 N.W.2d 414 (1975); *Lontkowski v. Ignarski*, 6 Wis.2d 561, 566–67, 95 N.W.2d 230 (1959).

The Court is convinced that it was the intention of the parties to the contract of insurance, as evidenced by the inclusion of the typewritten second rider in Mr. Donato's individual policy at the time that the amount of coverage was increased, that the incontestability provision contained in the original Group Policy No. 0802502 should remain in effect for insurance coverage provided within 2 years of the issuance of the original group policy on July 1, 1973.

Therefore the Court finds that the defendant did not waive its right to contest payment under the certificate of individual insurance issued to John O. Donato in the event the insured made a misstatement of material fact in his application for insurance. There being an issue of material fact as to whether such misstatement was made, and further as to whether John O. Donato's alleged arteriosclerotic condition contributed to his death, plaintiff's motion for summary judgment does not satisfy the conditions of Rule 56 of the Federal Rules of Civil Procedure and must be denied.

IT IS THEREFORE ORDERED that the motion of the plaintiff Marta P. Donato for summary judgment in this matter be, and it hereby is denied.