In re Guardianship of Henes: Henes, Guardian, and another, Respondents, vs. State Department of Public Welfare, Appellant.

*January 8—February 4, 1941.*

For the appellant the cause was submitted on the brief of *Blaine M. Linke,* collection and deportation counsel, and *Paul B. Knuese,* assistant collection and deportation counsel.

For the respondent Max Henes there was a brief by *Benton, Bosser, Becker & Parnell,* attorneys, and *David L. Fulton* of counsel, all of Appleton, and oral argument by *Edgar E. Becker.*

*Jack H. Kalman* of Appleton, guardian *ad litem,* for the respondent Joseph Henes.

MARTIN, J. A county court has only such powers as are. conferred by statute. *Estate of George,* 225 Wis. 251, 263,

270 N. W. 538, 274 N. W. 294. There is no statutory provision in Wisconsin which authorizes a county court or guardian to reserve funds for future burial expenses.

Sec. 319.25, Stats., provides that every guardian shall pay the just debts of the ward. Sec. 319.41 provides for the publication of notice to creditors and for the distribution of assets. Sec. 319.26 provides that every guardian shall support and maintain his ward. It is clear that reservation of funds for future burial has no relation to the payment of debts or support of the ward.

Sec. 46.10 (7), Stats., creates an absolute obligation upon the part of the ward to pay for his care and maintenance. There is no exception in favor of burial or other contingencies. Under this last-mentioned section, appellant's claim is given a preferred status, but no lien is thereby created upon the assets of the guardianship. Appellant's preferred claim would have to prorate with other preferred claimants, if there were any, against the guardianship assets.

The guardian *ad litem* contends that the right of proper burial of the incompetent is superior to the preferred claim of the appellant. In this connection he argues that under sec. 319.32, Stats., the guardian is authorized to pay the ward's funeral expenses prior to other creditors and that same may be paid directly from the guardianship without the necessity of the appointment of an administrator. Sec. 319.32 has no application in the instant case. That section has application only upon the death of the person under guardianship. Upon the death of the incompetent, a guardian may petition the court for authority to pay the funeral expenses, including a suitable marker for the grave and the expenses of the last sickness of the ward. We are here concerned with the living, not the dead. While it might be a very humane thing for the legislature to provide that a guardian be permitted to set aside a reasonable sum out of the assets of the guardianship to

meet the inevitable item of the funeral expenses of the ward, the legislature has not done so, and the court is without power to do so.

The guardian contends that under sec. 319.20 (2), Stats., the appellant has no interest in any part of the guardianship assets under $200. Sec. 319.20 (2), provides:

"Any guardian heretofore or hereafter appointed for any such inmate, who, having property of his ward in his possession or control exceeding two hundred dollars in value, fails to pay within three months after receipt of any bill thereof for the ward's care and support from the state board of control, shall upon application of the collection and deportation counsel of said board, forthwith be removed."

If this statute has any purpose other than to provide for the removal of a guardian who may not be performing his duties according to law, the purpose is not made very clear. However, this is not an exemption statute. Though a guardian may be careless or negligent in the performance of his duties, he would, unless otherwise ordered by the court, be entitled to his fees and for reasonable attorney fees in connection with the guardianship. In any event this statute furnishes no authority for reserving $250 of the guardianship assets for the payment of the ward's funeral expenses. Since there is no statute in Wisconsin which authorizes the county court or guardian to reserve funds for funeral expenses, it follows that that part of the judgment from which the appeal herein was taken must be reversed.

*By the Court.*—That part of the judgment appealed from is reversed; cause is remanded for further proceedings in accordance with the opinion. The costs of the guardian and of the guardian *ad litem* may be paid out of the guardianship assets.