WILL OF REINKE: SHAWANO MUNICIPAL HOSPITAL and another, Respondents, vs. REINKE and another, Appellants.

*May 10—June 15, 1951.*

400

For the appellants there were briefs by *Winter & Koehler* of Shawano, and oral argument by *P. J. Winter*.

For the respondents there were briefs by *Eberlein & Eberlein* of Shawano, for the Shawano Municipal Hospital, and by *E. L. Aschenbrener* of Shawano, for Ira J. Weeks, administrator, and oral argument by *Frederic Eberlein*.

FAIRCHILD, J. The record discloses that the said Emil Reinke entered into an agreement or "bond of support" June 9, 1924, under which he was bound to furnish care and attention to his father and mother during their declining years. It appears that from that time and for many years the terms of the contract were carried out. During the year 1931 the mother died. On July 13, 1945, an injury was sustained

by the father, because of which it was necessary that he be hospitalized. He was taken to the hospital of the petitioner herein, where he remained until October 3, 1947. It is alleged that after six months the "maximum recovery" had been reached and the hospital could do no more for him than furnish room, board, and attention; that it was then the duty of the son under the terms of his contract to take care of Frederick Reinke in his own home. It appears that Emil Reinke was named executor in the will of his father, but that he later resigned.

The county court in entering this judgment recognized the claims so far as they resulted in requiring said Emil Reinke and Alvina Reinke to account to the estate of Frederick Reinke "for the amount of expense incurred for room and board at the Shawano Municipal Hospital" for the period "commencing six months after the injury of Frederick Reinke to the date of his removal from the Shawano Municipal Hospital . . . said period amounting to six hundred twenty-nine days," and decided that the rate to be charged therefor was $4 per day and fixed the sum for which Emil Reinke was to account to the estate of Frederick Reinke at the amount of $2,516. There is an appeal by the administrator with the will annexed, and a motion by the Shawano Municipal Hospital to review that part of the judgment which denied the petition that the appellants be required to account to the estate of Frederick Reinke for the sum of $7,000 mentioned in the "bond of support."

We are concerned with the proceedings in probate on the estate of Frederick Reinke, deceased, where the Shawano Municipal Hospital petitioned the county court for the relief described, and, among other things, asserts that Emil and Alvina Reinke are indebted in the amount of $2,516 to the estate. The petitioner demanded recovery by the estate of that sum.

The county court, assuming that it had jurisdiction of the cause of action, as well as of the parties, entertained the

matter, took testimony, and decided that the petitioner was entitled to have granted the relief prayed for, with the exception of that portion relating to the election to take the $7,000 in lieu of the service agreed to be furnished. There is no doubt that the appellants entered into a contract to care for and support the said Frederick Reinke and his wife, with an exception as to medical attention and funeral expenses; nor is there any doubt but that the question of a breach of that contract has been made to appear by the pleadings, and that that issue between the estate and appellants exists. The questions raised are such, by reason of their nature and extent, as to be necessarily classified as causes of action going to a subject matter over which the county court in probate proceedings has no jurisdiction. The granting of the specific relief sought by the said petitioner, the respondent here, as against the appellants must be denied.

While the jurisdiction of the county court extends to matters relating to the settlement of the estates of deceased persons, there is no power conferred under which that court obtains jurisdiction to enforce claims against a debtor to the estate unless such debtor files a claim against the estate. The executor or administrator shall exhibit the claims of the deceased in offset to the claims of the creditor and apply the balance against or in favor of the estate. Sec. 313.05, Stats.; *Estate of Kallenbach,* 184 Wis. 171, 199 N. W. 152; *Estate of George,* 225 Wis. 251 (on rehearing p. 264), 274 N. W. 294; *Estate of Thompson,* 212 Wis. 172, 248 N. W. 167.

It has always been held that a county court is a court of limited jurisdiction and has only such jurisdiction as is conferred upon it by statute. In probate it is limited in the respects under consideration to those matters which are incidental to its probate jurisdiction. "Merely because the estate of a decedent has interests of various kinds, that fact does not operate to extend the jurisdiction of that court to cases involving all of those interests." We have just quoted from the opinion in the case of *Estate of George, supra* (on

rehearing pp. 264, 265) in which is recognized the doctrine that in determining whether or not in a particular case the county court in probate has jurisdiction of certain matters, consideration must always be given to its function, which is "as has been said by this court, to administer and distribute estates and exercise such other powers as may be expressly conferred upon it by the legislature." That case is also authority for the rule that parties cannot confer jurisdiction upon courts in cases where the court has no jurisdiction of the subject matter.

While the county court had no jurisdiction over the proceedings against the alleged debtor, it did have jurisdiction to provide a means for certain relief. When the record discloses the existence of a probable cause of action in favor of the estate, and the facts warrant, it is within its jurisdiction to "authorize the administrator to begin an action against the debtor in a court of competent jurisdiction." *Estate of Kallenbach, supra,* page 175. See also secs. 269.52 and 287.06 (1), Stats.

When the dispute described in the statement of facts arose, Emil Reinke, who had been named in the will as executor, tendered his resignation as such executor, the resignation was accepted, and Ira J. Weeks was appointed administrator with the will annexed. The matter now stands before the court with the appellants making no claim of liability to them on the part of the estate which could be used as an offset to the claimed indebtedness due the estate as advanced by respondents in the probate proceedings. The appellants are asserting as a defense that they did not breach their contract with the deceased, and have raised the question of jurisdiction. This leaves the estate to its claimed cause of action, to be heard in the circuit court or one of co-ordinate jurisdiction. The county court in probate does not have that jurisdiction.

As to the appeal of the administrator with the will annexed and the motion to review by the respondent of the ruling with relation to the election to claim the $7,000 because of a disagreement existing during the life of Frederick Reinke, we agreed that the learned trial judge properly disposed of that matter. The trial court declined to consider the matter on its merits, saying: "This court makes no finding that there was a disagreement between Frederick Reinke and Emil Reinke or that there was no disagreement between Frederick Reinke and Emil Reinke as set forth in the terms of the bond of support, nor does this court make any finding that grounds did or did not exist which to a reasonably prudent person situated as Frederick Reinke was would be sufficient to constitute a disagreement under the terms of the bond of support." In his opinion the court makes the following observation: "It will be noticed that the bond of support provides that the election may be exercised 'if for any reason the parties hereto are unable to agree with the parties of the second part.' The petition nowhere alleges that the parties to the contract are unable to agree, nor even that the guardian of one of the parties is unable to agree with the other parties. The petition is based upon the premises that it is for the best interest of the ward that the election be exercised. The fact that it may be for the best interest of the ward to exercise such an election gives the guardian no right to make the election under the contract." It is unnecessary to go further into the history of this matter. The facts disclosed by the record show the claims to be of such a nature as to constitute only a direct relation to the rights, if any, which constitute a cause of action in the interest of the estate for damages based upon a breach of the contract by one bound to furnish support, and the estate must seek its relief in a court of competent jurisdiction.

*By the Court.*—The judgment providing for recovery against said Emil Reinke and Alvina Reinke, his wife, in the

sum of $2,516, and costs and attorney fees is reversed; and the portion providing that all other relief asked for in the petition be denied, is affirmed; and the cause is remanded for further proceedings according to law.