GUARDIANSHIP OF SYKORA: MILWAUKEE COUNTY INSTI-
TUTIONS AND DEPARTMENTS, Respondent, vs. GUARD-
IANSHIP OF SYKORA, Appellant.

*October 10, 1955—January 10, 1956.*

456

For the appellant there were briefs and oral argument by *Irving D. Gaines* of Milwaukee.

For the respondent there were briefs by *William J. McCauley,* district attorney, *Oliver L. O'Boyle,* corporation counsel, and *George E. Rice,* assistant corporation counsel, and oral argument by *Mr. Rice.*

A brief was filed by *Frank P. Fosgate,* collection and deportation counsel, and *Charles C. Lubcke* and *Clarence Simon,* assistant counsel, for the State Department of Public Welfare, as *amici curiae.*

BROWN, J.  Appellant complains that respondent's brief sets forth, supposedly for the enlightenment of the court, much "background material" which is not found in the record. We assure counsel that, as usual, such alleged facts as do not appear of record have been ignored.

For the purposes of this appeal the significant facts are that after an investigation by the Milwaukee county corporation counsel he was of the opinion that the patient, rather than her husband, was best able to pay the cost of her care and therefore the claim covering such costs was filed against the patient's guardianship. Objections to this claim were filed by the guardian upon the grounds that the husband of the patient was better able financially to pay said charges, and that the county court should make a determination as to who is best able to pay. The objections were overruled.

The issue is one of law, not fact, and is correctly stated by the state department of public welfare, *amicus curiae,* as follows:

"In an action under the provisions of section 46.10, Wis. Stats., to recover the cost of care furnished to a patient, can the 'opinion' of the 'department' as to who is best able to pay be challenged and adjudicated in the court in which the action for recovery is brought. The trial court answered the question in the negative."

Mrs. Sykora is an inmate of the county hospital for mental diseases. At the date of trial the accrued cost of her maintenance there was $3,303.15. She is under guardianship. Her entire estate is a bank deposit of $2,847.78. Her husband has $3,300 in cash, a $1,000 government bond, an automobile, and a job.

Sec. 46.10, Stats., under which the proceeding was brought to recover the county's cost of maintaining Mrs. Sykora, has numerous provisions not material here, such as those applicable to tubercular patients, minor children, homesteads, etc. For the sake of simplicity we have condensed the section by eliminating the parts irrelevant to the issue before us. So condensed the section reads:

"46.10 (1) Liability for the maintenance of patients in the institutions specified in this section and the collection and enforcement of such liability is governed exclusively by this section.

"(2) Any patient in any charitable or curative institution of the state or of any county or municipality, in which the state is chargeable with all or a part of the patient's maintenance, . . . and [her] property and estate, or the husband of such patient and [his] property or estate . . . shall be liable for such patient's maintenance not exceeding the actual per capita cost thereof, . . . and the department may bring action for the enforcement of such liability, except that when it shall be shown that a husband may be lawfully de-

pendent upon such property, the court shall give due regard to this fact and release all or such part of the property and estate from such charge that may be necessary to provide for [him].

"(3) After investigation of the ability to pay of the patient or relative liable for such maintenance, the department shall make collection from the patient or the person who in the opinion of the department under all of the circumstances is best able to pay, giving due regard to relationship and the present needs of the person or of his lawful dependents.

"(4) Upon the failure of any relative liable for maintenance to make payment or enter into or comply with an agreement for payment, the department may apply to the county court of the county in which the patient resides or has a legal settlement or in which such relative resides for an order to compel payment by such relative. Upon failure to comply with that order, the department may commence an action to recover the amount due.

"(5) Upon such application the county court shall hear the allegations and proofs of the parties and shall by order require payment of maintenance by the relative liable therefor, if of sufficient ability, having due regard of the present needs of himself and his lawful dependents. [Then follow provisions for notice of hearing on the application.] Any party aggrieved by such order or by the judgment of the court may appeal therefrom in the manner provided by law.

"(12) The district attorney or his assistants in counties having a population of 500,000 or more shall, in matters pertaining to the recovery of the cost of maintenance of inmates [etc.], having a legal settlement in such county, have the same authority as granted in this section to the state department of public welfare." (The corporation counsel is the assistant of the district attorney of Milwaukee county charged with these powers and duties.)

Both by sub. (2) of the statute and at common law the recipient of the maintenance is liable to pay for it. This common-law liability may be shifted to some other person by virtue of the statute but at common law the husband of

an inmate of a mental hospital was not liable for her support there. *Steffenson v. Steffenson* (1951), 259 Wis. 51, 47 N. W. (2d) 445; *Richardson v. Stuesser* (1905), 125 Wis. 66, 103 N. W. 261. The statute making the husband liable is in derogation of the common law and, therefore, must be strictly construed in favor of the husband, imposing on him no more liability than a strict reading of the statute, and a strict compliance with it, demand. *Derouin v. State Department of Public Welfare* (1952), 262 Wis. 559, 560, 55 N. W. (2d) 871.

The county court has only such powers as are conferred on it by statute. *Guardianship of Henes* (1941), 236 Wis. 635, 636, 296 N. W. 60. What does the statute say?

Sec. 46.10 (2), Stats., declares that both Mrs. Sykora and her husband and their respective estates are liable for her maintenance in the institution, although under some circumstances the county court may release the latter's property from a claim against it brought by the department or the corporation counsel, to enforce the liability. Clearly, there is nothing in sub. (2) which transfers to the husband, against whom no claim is made, the liability of the patient against whom enforcement is sought.

Sub. (3) directs the corporation counsel to investigate the respective abilities to pay of the patient and her husband, taking into consideration certain factors, and then to collect from that person who *in counsel's opinion* is best able to pay. The corporation counsel concluded that person was the patient and proceeded accordingly, by filing a claim against her estate in guardianship. So far, we find nothing shifting the burden to her husband.

But, says the guardian, an impartial and thorough investigation and an unbiased determination would not reach the conclusion that it is the wife who is best able. Supposing it would not, is there anything the county court can do about it? Sub. (3) provides for no review by the county court, or

any court, of the corporation counsel's opinion concerning the respective abilities of the parties and we recall that no right to appeal to a court exists unless given by statute. *Petition of Long* (1922), 176 Wis. 361, 187 N. W. 167. How, then, does the question of the reasonableness, or lack of it, of corporation counsel's opinion come before the county court? The situation is not unlike that in *Adoption of Tschudy* (1954), 267 Wis. 272, 65 N. W. (2d) 17. There the consent of the state department of public welfare was required by statute before the adoption of a child in its custody might be ordered. The petitioner for adoption contended that the department arbitrarily and unreasonably withheld its consent. We held that the department's consent was a condition imposed by statute and the court lacked jurisdiction to review the refusal to consent or to dispense with it or to substitute the court's conclusion for that of the department. So, here, the corporation counsel has concluded that the patient is best able to pay. His conclusion is essential to the process of collection from that person but we find nothing in sub. (3) to authorize a review of his opinion or to enable a court to set it aside or make a substitution. The court lacks jurisdiction to meddle with it since jurisdiction has not been given by the statute.

In sec. 46.10 (4) and (5), Stats., we do find jurisdiction given the court to review ability to pay *under some circumstances* but the right is so limited that it does not benefit the appellant. These subsections deal with the failure of a *relative* to pay, followed by enforcement proceedings against that relative. The husband is the relative here whom the guardian seeks to charge but there is no contention that he has failed to comply with any order of the corporation counsel nor is this a proceeding to enforce his compliance. It is a proceeding to collect from the patient's estate and the statute fails to grant her any right of review similar to the one granted her husband. The statute says, sub. (4), "Upon

the failure of any *relative*. . . ." The legislature might have said "Upon the failure of any person. . . ." That would have brought in the patient and extended the review granted by sub. (5) to her, assuming "relative" in sub. (5) was also changed to "person." But the legislature did not do so. It limited the right of review to relatives.

In the opinion of the corporation counsel, Mrs. Sykora is the person best able to pay the cost of her maintenance in the county hospital for mental diseases. She is a person whom the statute declares liable for that expense. She is the actual recipient of the maintenance. We have found no statutory provision which allows her to shift this liability to anyone else under the facts as the record presents them. No statute gives the court jurisdiction to review or alter the "opinion" of the corporation counsel. She fills the statutory conditions requisite to enforcement of collection. No one else does. The county court had no alternative but to allow respondent's claim for her maintenance.

*By the Court.*—Judgment affirmed.