Estate of Elsinger: Elsinger, Appellant, v. Baierl, Executrix, and another, Respondents.

*January 11—February 7, 1961.*

472

For the appellant there were briefs by *Lueck & Skupniewitz* of Beaver Dam, and oral argument by *A. W. Lueck.*

For the respondents there was a brief by *Wagner & Wagner* of Waupun, and oral argument by *W. A. Wagner.*

BROADFOOT, J. The appellant challenges the jurisdiction of the county court acting as a probate court to grant the relief provided for in said orders. She relies mainly upon language in *Will of Reinke,* 259 Wis. 398, 48 N. W. (2d) 613. Our decision in that case was based on *Estate of Kallenbach,* 184 Wis. 171, 199 N. W. 152, and the opinion on rehearing in *Estate of George,* 225 Wis. 251, 258, 270 N. W. 538, 274 N. W. 294. Our decisions in those cases with reference to probate jurisdiction of county courts are still the law.

The county court of Dodge county, by legislative action, has been given some additional jurisdiction that is concurrent within certain limits with that of circuit courts. However, the distinction between a county court acting in probate and

one acting under its concurrent jurisdiction must always be kept in mind. The procedure here was that used in a court of probate and it was the probate jurisdiction of the court that was invoked. Unless there is a statute permitting the county court to determine the controversies between these parties under its probate jurisdiction, the objection of the appellant is valid.

The history of probate courts is carefully reviewed in *Estate of George, supra.* That decision was in 1937. At that time sec. 253.03, Stats., with one minor change made in 1955, was the same as the present sub. (1) of said section. In 1947 this court decided *Estate of Nols,* 251 Wis. 90, 28 N. W. (2d) 360. In that case it was decided that the county court in probate has jurisdiction to determine adverse claims and the title to property in dispute where the property is in the hands of an administrator or executor and claim is asserted by the adversary on application to the court, but not where the property is in possession of persons claiming adversely to the estate. It was stated in the opinion that the distinction was illogical but was based on precedent established in earlier decisions. Thereafter, in 1949, subs. (2) and (3) were added to sec. 253.03. By sub. (2) county courts were given concurrent jurisdiction to hear, try, and determine all matters and controversies arising between personal representatives appointed by such court and any other person relating to title to or interest in real and personal property so far as such matters or controversies are incidental to and necessary for the complete administration of the estate, regardless of who has possession of the property or in whose name it may be, to the same extent as such controversies may be determined in courts of general jurisdiction.

We construe sub. (2) as giving this jurisdiction to the county courts as probate courts. It was added to a section dealing with the probate jurisdiction of county courts and

the language expresses that legislative intent. We have already held in *Estate of King,* 261 Wis. 266, 52 N. W. (2d) 885, that title to real estate can be determined by a county court under its probate jurisdiction where that is necessary for the complete administration of an estate. In the present case the controversies involved title to both real and personal property. The question of rent involved the rights and liabilities of tenants in common to the use and possession of real property and the controversies were incidental to and necessary for the complete administration of the estate. Therefore the county court of Dodge county, as a probate court, had jurisdiction to try the controversies that were presented to it in these proceedings.

The appellant next claims that the widow is not liable to the estate for any rent. The court by its findings of fact determined that the personal property belonged to the widow, that she had a one-half interest as tenant in common in the real estate during the lifetime of the decedent, and after his death she had an additional right, as his widow, to the homestead.

Just what theory of law was applied by the court in reaching its determination as to the rent is not clear. In the time available to us we have not found any Wisconsin cases defining rights and liabilities of a tenant in common who is in peaceable possession of the real estate in which she owns such interest as against her cotenant. There is an annotation in 51 A. L. R. (2d) 388, in which it is stated, on page 413:

"The rule which prevails in the majority of jurisdictions, founded on the plainest principles of property ownership, is that, absent statute construed to work a different result (see sec. 11, infra), a tenant in common, joint tenant, or coparcener who has enjoyed occupancy of the common premises or some part thereof is not liable to pay rent to the others therefor, or to account to them respecting the reasonable value of his occupancy, where they have not been ousted or ex-

cluded nor their equal rights denied, and no agreement to pay for occupancy, or limiting or assigning rights of occupancy, has been entered into."

We do have sec. 234.21, Stats., which follows in general the English statute of Anne. In an introductory note to the chapter appearing in West's Wisconsin Statutes Annotated by Dean Rundell, he indicates that the question has not been resolved in Wisconsin beyond payments for the use of land received from a third person. See also 24 Marquette Law Review, 148.

Two cases in Wisconsin shed some light on the subject. They are *Hermance v. Weisner,* 228 Wis. 501, 279 N. W. 608, and *Rainer v. Holmes,* 272 Wis. 349, 75 N. W. (2d) 290. Both cases were partition cases wherein the interests of tenants in common were involved. In neither case was the tenant in common, who had enjoyed the use and occupancy of the real estate for many years, required to account to her cotenants for the reasonable value of the use of the premises, although it was intimated that, if equity demanded, the same could be charged as an offset to claims for improvements, the retirement of liens, etc. In deciding these two cases it is obvious that the court had in mind the majority rule and was following the same. In fact, in the annotation referred to, Wisconsin is listed as one of the majority states and the *Rainer Case* is referred to.

Under the majority rule, which we hereby expressly adopt, Anna Elsinger was not liable for rent up to the date of the death of her husband. She was in peaceable possession. The record does not disclose any promise to pay. It does not disclose any ouster or exclusion of her cotenant, nor any of the other recognized exceptions to the rule. The last petition, which seemed to result in the orders, stated that Anna Elsinger had excluded the executrix and executor from the farm. No date is given when the claimed exclusion took

place. After the executrix and executor were appointed, the date of which is unknown to us, they had the right to request payment of rent and permission to go upon the farm for various purposes. The widow should be liable for rent in the amount determined by the court to be the reasonable rental value thereof from and after the date of such demand or exclusion.

The appellant contends that the trial court had no authority to order the widow to assume and pay all or a portion of six claims filed against the estate. Appellant makes the following statement in her brief:

"Perhaps we have no right to argue on that because there is no record on that on this appeal."

There is no testimony with reference thereto in the record. In its findings of fact and conclusions of law the court determined that said claims were the obligation of the widow and directed that, upon equitable principles, the court would not accord to the widow its aid in securing and implementing her rights until she has done equity by paying said obligations. In the absence of a complete record we assume that there was a basis for the court's action with reference to the debts and will not disturb it.

The appellant further contends that the rental value of the land as determined by the court is too high. From the record before us, only the testimony of witnesses of Anna Elsinger as to rental value is included. Perhaps that was all of the testimony with reference thereto. The testimony supports the finding of the trial court as to the rental value for the years 1956 and later, and its finding for those years is approved.

Perhaps the order of June 8, 1960, could be modified by striking therefrom the rental for the year 1955, together with the offset for one half of the taxes for that year and as so

modified it might be affirmed. However, we feel the more orderly procedure is to reverse both orders and remand the record for further proceedings, particularly a determination of the date when rent should commence, as indicated above. Then a single order can be entered that will comply with this opinion. Offsets for taxes and other proper items are to be allowed to the widow.

*By the Court.*—Orders reversed. Record remanded with directions for further proceedings in accordance with this opinion.