GERLACH and another, by Guardian *ad litem,* and another, Plaintiffs and Respondents, v. THIEM and others, Defendants: COCKLE and others, Defendants and Appellants.

*No. 347. Argued February 26, 1973.—Decided April 9, 1973.*
(Also reported in 205 N. W. 2d 779.)

114

For the appellants there was a brief by *Reinhart, Boerner, Van Deuren & Norris, S. C.,* attorneys, and *Paul V. Lucke* of counsel, all of Milwaukee, and oral argument by *Mr. Lucke.*

For the respondents there was a brief by *Ray T. McCann* and oral argument by *Richard A. McDermott,* both of Milwaukee.

HEFFERNAN, J.  The defendant's basic contention is that the action, if maintainable at all, should have been brought in the probate court. We do not agree. While the probate jurisdiction in county court is extensive, the

probate courts, unlike the circuit courts, have limited jurisdiction and possess only such powers as have been conferred by statute. *Guardianship of Bose* (1968), 39 Wis. 2d 80, 86, 158 N. W. 2d 337; *Guardianship of Sykora* (1956), 271 Wis. 455, 459, 74 N. W. 2d 164; *Estate of George* (1937), 225 Wis. 251, 263, 264, 270 N. W. 538, 274 N. W. 294.[1] The jurisdiction of the county courts in probate are set forth in sec. 253.10 (1) and (2), Stats.:

"253.10 **Probate jurisdiction.** (1) The jurisdiction of the county court extends to the probate of wills and granting letters testamentary and of administration on the estates of all persons deceased who at the time of their decease were domiciled in the county and of all persons deceased who at the time of their decease were not domiciled in this state but who had an estate within the county to be administered or probated, and to any other cases authorized by law; to the appointment of guardians to minors and others in the cases prescribed by law; to all matters relating to the settlement of the estates of such deceased persons and of such minors and others under guardianship; to all cases of constructions of wills admitted to probate in such court; and to all cases of trusts created by will admitted to probate in such court, including administration of trusts created in accordance with s. 701.09; and to hearing objections to the granting of licenses to marry, to ordering the refusal of such licenses and to the granting of stays upon the issuances thereof.

"(2) (a) The county court shall have concurrent jurisdiction to hear, try and determine all matters and controversies which may arise between any personal representative or guardian appointed by such court or trustee under any will admitted to probate in such court and any other person relating to title to or interest in real and personal property so far as such matter or controversy is incidental to and necessary for the complete

[1] We do not herein discuss the general jurisdiction of the county court, only its jurisdiction in probate. Sec. 287.17, Stats., recognizes that, in respect to the situations referred to therein, the county court, in its general jurisdiction, and the circuit court are indistinguishable.

administration of the estate, guardianship or trust, and regardless of who has possession of the property or in whose name it may be, to the same extent and with like effect as such matters and controversies may be heard, tried and determined in courts of general jurisdiction."

This enumeration of powers does not give a probate court jurisdiction to consider every matter which may arise out of, or touch upon, matters concerning a decedent's estate.

*Will of Reinke* (1951), 259 Wis. 398, 403, 48 N. W. 2d 613, points out that a county court in probate is a court of limited jurisdiction and, when acting within its probate jurisdiction, is confined to those matters which are incidental to its probate jurisdiction. *Will of Reinke* cites *Estate of George, supra,* page 264, for the proposition that:

" 'Merely because the estate of a decedent has interests of various kinds, that fact does not operate to extend the jurisdiction of that court to cases involving all of those interests.' "

*Will of Reinke,* at page 404, recognizes the doctrine that:

". . . in determining whether or not in a particular case the county court in probate has jurisdiction of certain matters, consideration must always be given to its function, which is 'as has been said by this court, to administer and distribute estates and exercise such other powers as may be expressly conferred upon it by the legislature.' "

The nature and extent of county court probate jurisdiction has been recently summed up in 1 MacDonald (1972 ed.), *Wisconsin Probate Law,* p. 8, sec. 1.40:

"Generally probate jurisdiction is limited in its general scope. As to subject matter, it is limited to the property of decedents and wards; as to persons, to those interested in such property as equitably or legally entitled to some distributive share therein, or in the residue,

and to creditors who voluntarily, upon general notice and without special citation, present their claims. By statute the county court has concurrent jurisdiction with courts of general jurisdiction to try and determine title to or interest in real and personal property in controversies between any personal representative, guardian or trustee appointed by the court and any other person so far as necessary for the complete administration of an estate, guardianship or trust. Other controversies between executors, administrators or guardians, or those interested in the particular estate, and other persons not interested in it, must be settled in another forum."

On this theory of limited jurisdiction of probate courts, it has been held that a county court has no jurisdiction to enforce a claim of an executor, except by way of offset when the debtor has first filed his claim and submitted to the jurisdiction of the probate court. The executor's action must be brought in circuit court. *Estate of Kallenbach* (1924), 184 Wis. 171, 199 N. W. 152; *Estate of George, supra,* page 264. Where an action sounding only in tort is brought against the estate, the probate court has no jurisdiction. *School District v. Brennan* (1940), 236 Wis. 91, 294 N. W. 558; *Payne v. Meisser* (1922), 176 Wis. 432, 187 N. W. 194. *MacDonald, supra,* page 10, ff., cites a number of instances that demonstrate the limited jurisdiction of a probate court to adjudicate matters even though they arise out of probate proceedings. It appears clear that jurisdiction here is not conferred, as contended by the respondents, under sec. 253.10, Stats. In the instant case, the estate has been completely administered and the executor's final account has been accepted and the executor discharged. It would appear that the jurisdiction of the probate court conferred under sec. 253.10 has been exhausted.

The nature of the action should be emphasized. This is an action for damages for an alleged tort. The plaintiffs do not contend that the sale in the probate court was void, and they are not attempting to invoke the

equitable power of the probate court to set aside the stock transfer. Rather, they acknowledge the fact of that transfer and are seeking, not a reconveyance, but damages that resulted from the sale. *Hicks v. Hardy* (1942), 241 Wis. 11, 4 N. W. 2d 150, is instructive on this point. In that case the plaintiff widow alleged that the former executor had wrongfully induced her to elect to take under the law rather than under her husband's will. She brought an action in equity in the circuit court to vacate that election and for damages for the injury sustained. This court affirmed the dismissal of the complaint for lack of jurisdiction in the circuit court. It pointed out that the plaintiff was not bringing an action in tort but was seeking to invoke the equitable powers of the court for the vacation of the judgment of distribution. This court held that only the county court in probate had such jurisdiction. The probate court has the inherent power at any time to set aside any of its orders or judgments upon proof that they were obtained by fraud. *Estate of Baumgarten* (1961), 12 Wis. 2d 212, 222, 107 N. W. 2d 169; *Estate of Kammerer* (1959), 8 Wis. 2d 494, 502, 99 N. W. 2d 841. The plaintiff in this action, however, does not seek that relief. The action is one in tort, and it is the implication of *Hicks, supra,* that, had the action therein been brought in tort for damages only rather than for the equitable relief of vacating the judgment, the circuit court would have had jurisdiction.

The present controversy, where the plaintiffs are affirming the sale of the stock and are suing only for negligence and a tortious misrepresentation, is not within the jurisdiction of the probate court as conferred by the statutes.

Even were the action against the executor alone within the jurisdiction of the probate court—and we hold that it is not—the action should not be brought in the probate court. Sec. 287.17, Stats., provides:

"**Actions against executors; when allowed; when not.** No action shall be commenced against an executor or

administrator, excepting actions for the recovery of specific property, or actions to establish, enforce or foreclose a lien on property, or to quiet title or remove a cloud on title, to construe wills, enforce the liability of stockholders, to avoid fraudulent conveyances, to pass the title to real property and *other actions in which the county court in probate cannot afford a remedy as adequate, complete, prompt or efficient as the circuit or county court.* Nor shall any attachment or execution be issued against the estate of the decedent or the executor or administrator, until the expiration of the time limited for the payment of debts, except as provided in ss. 266.25 and 272.14." (Emphasis supplied.)

None of the exceptions permitting an action against an executor fit the facts alleged in this case. Moreover, the probate court is not permitted to proceed with an action where it "cannot afford a remedy as adequate, complete, prompt or efficient as the circuit or county court." This provision is important in the instant case, because the plaintiffs herein are seeking recovery against the Thiem Corporation and its officers. Over these parties, the county court in probate has no jurisdiction, and their rights could not be adjudicated in the probate court, even were the plaintiffs able to successfully assert jurisdiction over the former executor in the county court.

Contrary to the assertion of the defendants, the probate court's jurisdiction does not extend to the Thiem Corporation and its officers. The defendants argue that sec. 253.10 (2) (a), Stats., gives the probate court jurisdiction to hear controversies "relating to title to or interest in real and personal property." That statute is inapplicable here, where the plaintiffs are not contesting the corporation's title to the stock but are only seeking damages for the alleged wrongdoing in connection with the sale. Even were this a case where the probate court had jurisdiction over the executor and part of the subject matter of the action, the circuit court could exercise its jurisdiction, for the probate court would be unable to afford "a remedy as adequate, complete, prompt or efficient" as the circuit court. *Thorp Sales Corp. v. Lease*

(1971), 53 Wis. 2d 195, 198, 191 N. W. 2d 885; *Cawker v. Dreutzer* (1928), 197 Wis. 98, 128, 129, 221 N. W. 401.

We conclude that the order of the trial court finding jurisdiction in the circuit court was correct and must be affirmed.

Peripherally, the defendants assert on appeal that the executor's discharge in the county court constitutes a bar to any proceedings against it unless the probate court's order of discharge is first vacated. This issue was not raised by the pleadings and, if it is to be considered, must be pleaded as an affirmative defense. The argument is not germane to the jurisdiction of the circuit court. Nor do we consider whether sec. 863.47, Stats. 1969, which was enacted during the course of the administration proceedings, but prior to the discharge of the executor, constitutes a bar to any suit against the executor or whether, if applicable, it merely establishes a period of limitations within which suit must be brought.

*By the Court.*—Order affirmed.