IN MATTER OF ESTATE OF COREY: NEUSER, Respondent, v. DANZ, Appellant.

*No. 75–44. Submitted on briefs September 13, 1976.— Decided October 5, 1976.*
(Also reported in 245 N. W. 2d 902.)

For the appellant the cause was submitted on the briefs of *Lawrence V. Salutz* of Manitowoc.

For the respondent the cause was submitted on the brief of *Thomas E. Knab* and *Knab & Stangel* of Manitowoc.

BEILFUSS, C. J. In 1972 the decedent, Anna Helen Corey, and her husband, Arthur E. Corey, were residents of Illinois. At that time they transferred title of their "Airstream" automobile trailer to their nephew, Arthur Danz. Danz was and still is a resident of Illinois.

Shortly thereafter Anna Helen Corey and her husband moved to Manitowoc and became residents of Manitowoc county, Wisconsin.

Arthur Corey died in January of 1973 and left Anna Helen Corey as his only heir. Anna Helen Corey died in April of 1973. Her will was admitted to probate in October of 1973. Arthur Danz, the appellant here, was named one of the residuary legatees.

Frank Neuser, the personal representative of the estate of Anna Helen Corey, listed the Airstream as an asset of the estate.[1] In August of 1974, Danz filed an objection to the inclusion of the trailer in the inventory. He alleged the deceased was not the owner and that he was.

By an order dated November 15, 1974, the probate court determined the burden of proving title was upon the personal representative because Danz had possession. The order further directed the personal representative to prepare and serve a complaint within twenty days stating his cause against Danz, with the objector Danz to have twenty days to answer. The complaint was served and alleged that the trailer was turned over to Danz for the purpose of selling it and remitting the proceeds to the Coreys. No summons was served.

Danz then, by special appearance, served and filed the motion to dismiss the complaint for want of jurisdiction.

---

[1] The Airstream trailer was also listed as an asset in the inventory in Arthur Corey's estate.

The probate court, by a memorandum decision and order, determined the court had jurisdiction and denied the motion. This appeal followed.

The issues are: (1) Whether the probate court has subject-matter jurisdiction, and (2) whether the court had personal jurisdiction over Danz.

■ Probate courts have only such jurisdiction and powers as are conferred upon them by statute. *Gerlach v. Thiem* (1973), 58 Wis. 2d 113, 117, 205 N. W. 2d 779; *Guardianship of Sykora* (1956), 271 Wis. 455, 459, 74 N. W. 2d 164. The jurisdiction of the county courts in probate is set forth in sec. 253.10 (1) and (2), Stats. Pertinent to this case is sec. 253.10 (2) (a):

"(2) (a) The county court shall have concurrent jurisdiction to hear, try and determine all matters and controversies which may arise between any personal representative or guardian appointed by such court or trustee under any will admitted to probate in such court and any other person relating to title to or interest in real and personal property so far as such matter or controversy is incidental to and necessary for the complete administration of the estate, guardianship or trust, and regardless of who has possession of the property or in whose name it may be, to the same extent and with like effect as such matters and controversies may be heard, tried and determined in courts of general jurisdiction."

■ The probate court's jurisdiction was once dependent upon whether the personal representative had possession of the property over which there was a controversy as to title.[2] This is no longer the law. *Estate of Mayer* (1965), 26 Wis. 2d 671, 682, 133 N. W. 2d 322; *Estate of Elsinger* (1961), 12 Wis. 2d 471, 474, 107 N. W. 2d 580. The language of the statute makes it clear, regardless of who has possession or in whose name the property may be, that the probate court has jurisdiction

---

[2] *Estate of Nols* (1947), 251 Wis. 90, 28 N. W. 2d 360.

if there is a controversy over title and such controversy is incidental to and necessary for the complete administration of the estate. That is the situation present in this case. The personal representative maintains that the trailer, or value thereof, should be included in the inventory and appellant Danz has objected to the inclusion of this trailer because the deceased was not the owner and because title to the trailer was vested in him.

In his objection filed in the probate proceedings, Danz states "that he is interested in the Estate of Anna Helen Corey, . . . as legatee, and as owner of one item listed in the inventory, viz. a 31 foot Airstream Travel Trailer valued at $5,500.00" and that "he objects to the inclusion of said trailer in the inventory of the estate, as deceased was not owner and that title to the trailer was vested in the said Arthur Danz."

The complaint of the personal representative alleges in substance that the trailer or its value is an asset of the estate and the possession and certificate of title were given to Danz only to facilitate the sale and remission of the funds to the Coreys. The demand of the complaint is that the court order Danz to turn over $5,500 (the value of the trailer) to the personal representative or allow the personal representative to deduct $5,500 from the amount to be due Danz as a beneficiary of the estate.

Danz contends that the controversy is in tort and therefore the probate court has no jurisdiction. In support of this contention he relies upon *Gerlach v. Thiem, supra*, p. 117. In *Gerlach*, after the estate had been closed and the executor discharged, the bank, which had been the executor, and others offered and sold the stock of a closely held corporation for public sale at a substantially higher price than they had purchased it for from the estate. The heirs commenced the action in circuit court claiming misrepresentation and fraud and demanded damages. The defendants demurred to the complaint

and contended that only the probate court had jurisdiction. This court affirmed an order overruling the demurrer.

In *Gerlach, supra,* the plaintiffs clearly alleged a tort, the estate had been closed and persons in no way connected with the estate were made parties defendant. The court held the jurisdiction of the probate court had been exhausted and that there was no contention the sale in the probate court was void. The court further stated that the probate court could not afford "a remedy as adequate, complete, prompt or efficient" as the circuit court.

We believe this case must be distinguished on its facts. Here there is a dispute over ownership of the trailer. The value of the trailer is alleged to be a specific amount, not an unliquidated tort or negligence demand. It is alleged to be an asset of the estate and the distribution of the residue of the estate is dependent, in part, upon a resolution of the ownership of the trailer.

The controversy deals with an interest in personal property. A resolution of this controversy is incidental to and necessary for a complete administration of the estate. As such, the controversy is within the jurisdiction of the probate court as provided in sec. 253.10 (2) (a), Stats. Further, we cannot perceive that the probate court cannot afford a remedy as adequate, complete, prompt or efficient as another court of general jurisdiction. We therefore conclude the probate court of Manitowoc county has subject-matter jurisdiction.

We are of the further opinion that the probate court has personal jurisdiction over the appellant Danz. The dispute arose by virtue of the affirmative action of Danz filing an objection to the inclusion of the trailer in the inventory. We construe this as a general appearance by Danz asking the court for affirmative relief. In response to this objection the court concluded the dispute existed as to the interest or ownership of the

trailer and that, because Danz had possession of the trailer, the burden to prove the interest or ownership of the trailer was upon the personal representative of the estate. The probate court further concluded a proper manner to formulate the issues was to direct the personal representative to prepare and serve and file a complaint setting forth his factual position with the opportunity for Danz to answer. We find nothing wrong with this procedure albeit other procedures could have been adopted. Danz contends that upon filing his objection to the inventory the probate judge was required to ask the personal representative some limited and perfunctory questions as set forth in his brief. We find no rule of law that so limits the court or the parties. The procedure adopted by the probate court is approved.

We conclude that when Danz filed an objection to the inventory he initiated the controversy in the probate court and made a general appearance as to the controversy over the ownership and interest of the estate in the trailer. This was the only matter to be resolved under the allegations of the complaint served upon him and no additional jurisdictional process was necessary to obtain personal jurisdiction.

*By the Court.*—Order affirmed.