IN the MATTER OF the ESTATE OF John OMERNIK,
Deceased: Raymond OMERNICK, Appellant-Petitioner,

v.

Chester LEPAK, Personal Representative of the Estate of
John Omernik, Deceased, Respondent,

Anton OMERNICK, Intervenor.

Supreme Court

*No. 81–2003. Submitted on briefs March 31, 1983.—
Decided April 26, 1983.*
(Also reported in 332 N.W.2d 307.)

For the petitioner the cause was submitted on the
briefs of *Raymond Omernick, pro se.*

For the intervenor the cause was submitted on the
brief of *Louis J. Molepske,* Stevens Point.

LOUIS J. CECI, J.   This is a review of an unpublished court of appeals decision which summarily affirmed an order of the probate court closing the estate of John Omernik for lack of assets and discharging the personal representative.

Raymond Omernick, one of John Omernik's two sons, appealed from the order of the probate court, contending that the decedent's homestead was part of the estate, since there was no evidence that a deed which purportedly conveyed the real property to Anton, the other son, had been delivered prior to John Omernik's death.[1] The probate court did not make an explicit finding as to whether the deed had actually been delivered to Anton. The issue presented is whether the probate court erred in concluding that the real property was not part of the estate.   Because we conclude that the question whether the deed had been delivered should have been considered and that the probate court had jurisdiction to decide this question, we reverse and remand to the probate court so that evidence can be received on the delivery question.

John Omernik died on Novermber 10, 1978.  He was survived by two sons, Raymond and Anton, and three daughters.  On October 21, 1976, John Omernik had executed a quitclaim deed on his homestead property in Portage county, naming Anton and Anton's wife as grantees in joint tenancy.  Under the terms of the deed, consideration for the property was a lump sum of $5,000. The conveyance was made upon the condition that the grantees pay a total of $5,000 to John's three daughters within one year of John's death and pay John's funeral expenses.  John's other son, Raymond, was not mentioned

---

[1] Delivery of the deed is an element of an effective transfer. For delivery of a deed to be valid, the grantor must intend delivery and part with dominion and control over it. *See, Herzing v. Hess,* 263 Wis. 617, 58 N.W.2d 430 (1953).

in the deed. The deed was recorded by Anton on November 16, 1978, six days after John's death.

Raymond filed a petition for intestate administration with the probate branch of the Portage county circuit court on December 8, 1978. In this petition, Raymond declared his interest as that of personal representative and asked that domiciliary letters be issued to him. He filed an order setting the time to hear the petition for administration and heirship and notice to creditors, pursuant to secs. 856.11[2] and 859.07,[3] Stats., and also ful-

[2] Section 856.11, Stats., provides as follows:

"856.11 **Notice of hearing on petition for administration.** When a petition for administration is filed, the court shall set a time for proving the will, if any, for determination of heirship and for the appointment of a personal representative. Notice of hearing on the petition shall be given as provided in s. 879.03 with the additional requirement that when any person interested is represented by a guardian ad litem, notice shall be given to both the person interested and his guardian ad litem. A copy of the will which is being presented for proof shall be sent to all persons interested, except those whose only interest is as a beneficiary of a monetary bequest or a bequest or devise of specific property. To those persons a notice of the nature and amount of the devise or bequest shall be sent."

[3] Section 859.07, Stats., provides as follows:

"859.07 **Notice; publication.** Notice of the time within which creditors may present their claims and of the time when the claims, as set by the court or probate registrar under informal administration proceedings, will be examined and adjusted by the court shall be given by publication, under s. 879.05 (4), and may be given with the notice for granting letters. No date for examination and adjustment need be given in informal administration proceedings. The first insertion shall be made within 15 days of the date of the order setting the time. In addition to the foregoing, if the decedent was at the time of death or at any time prior thereto a patient or inmate of any state or county hospital or institution, notice in writing of the time within which creditors may present their claims and of the time when the claims will be examined, shall be sent by registered or certified mail to the department of health and social services and the county clerk of the county of legal settlement not

filled the notice requirements, pursuant to sec. 879.07 (1),[4] by filing an affidavit of mailing.

The hearing was held on January 16, 1979. The summary of that hearing shows that Raymond moved to dismiss a separate action, which he had commenced in another branch of the circuit court for Portage county, to determine title to the real property in question. Raymond had moved to dismiss this action because he thought that the real property was part of his father's estate, which would be admitted to probate. Anton appeared by his attorney to object to the admission of the estate to formal probate and to Raymond's declaration of himself as personal representative. The court found that although the real property was not subject to probate, there was personal property in the estate that was subject to probate. The summary of the hearing shows that the judge stated:

"The deed would not be the proper subject for probate court. I don't think we could get around the statutes by listing that property in the inventory of this estate where the record shows the deed has been recorded from John Omernik and title was already transferred."

The court appointed Eugene Zdroik as personal representative. In December, 1979, Raymond filed a request for inventory and account. In February, 1980, he filed a petition for an order to show cause why the personal representative had not filed or sent to Raymond an inventory of the estate or a verified account of the personal representative's administration of the estate.

less than 30 days before such examination, upon such blanks and containing such information as the department may provide."

[4] Section 879.07 (1), Stats., provides as follows:

"879.07 **Proof of service of notice.** (1) MAIL. Proof of service by mail shall be by the affidavit of the person who mailed the notice showing when and to whom he mailed it and how it was addressed."

Zdroik subsequently resigned as personal representative, and Chester Lepak, the respondent in this action, was appointed, and domiciliary letters were issued on August 19, 1980. On June 22, 1981, the judge, on his own motion, ordered Lepak to show cause why he had not filed an inventory. The hearing on the order to show cause was held on August 18, 1981. Raymond, who was not present, alleges that he had no notice of the hearing. There is no indication in the record that notice of this hearing was sent to any of the interested parties.

Chester Lepak appeared at the hearing and told the court that all of the assets had been distributed and that the only dispute involved the land that had been deeded to Anton. The judge noted the earlier dispute over the title to the real property at the time of John's death and Raymond's dismissal of his declaratory action at the first hearing. He stated that Raymond had taken no action to challenge the deed. The judge further stated that Raymond would have to bring a separate action against Anton to challenge the deed, reasoning that it was "not part of the estate, it is real estate." The court concluded that there were no assets in the estate and entered an order discharging Lepak as personal representative and closing the estate.

Raymond Omernick appealed, contending that his father had title to the real estate at the time of his death. He moved for summary reversal of the order closing the estate for lack of assets, on the basis of the respondent's failure to file a brief. The court of appeals summarily affirmed the circuit court. The court stated that the probate judge had made a finding of fact that there were no assets in the estate, and that finding must be upheld unless it is contrary to the great weight and clear preponderance of the evidence. The court held that this finding must be upheld because the record did not contain

any evidence or testimony to support Raymond's contentions.

While the court of appeals affirmed the circuit court decision because its finding was not contrary to the great weight and clear preponderance of the evidence, *In Matter of Estate of Sorensen*, 87 Wis. 2d 339, 343, 274 N.W. 2d 694 (1979), we believe that there is implicit in the probate court's decision a conclusion of law—whether the probate court had jurisdiction to determine whether the real property was part of John Omernik's estate. As we have noted, the circuit court explained its decision as follows:

> "[Raymond's] challenge would have to be against Anton who is now in possession of the property and claiming under the deed and to set the deed aside, and *it is not part of the estate, it is real estate.*" (Emphasis added.)

Since this is a conclusion of law, this court need not afford the trial court's decision the deference we would give to a factual finding by the lower court. *Wurtz v. Fleischman*, 97 Wis. 2d 100, 293 N.W.2d 155 (1980); *Clark Oil & Refining Corp. v. Tomah*, 30 Wis. 2d 547, 141 N.W.2d 299 (1966). Questions of statutory construction are questions of law and are reviewable *ad initio* by this court. *American Motors Corp. v. ILHR Dept.*, 101 Wis. 2d 337, 353–54, 305 N.W.2d 62 (1981); *H. Samuels Co. v. Dept. of Revenue*, 70 Wis. 2d 1076, 1083–84, 236 N.W.2d 250 (1975).

We believe that a logical reading of the current probate code, effective since 1971, requires the conclusion that the probate court had jurisdiction to decide whether the deed had been delivered to Anton before his father's death or whether it remained part of his father's estate. Under current Wisconsin law, the personal representative succeeds to the title of the decedent both as to real

estate and personal property. Section 857.01, Stats., provides:

"857.01 **Title in personal representative·** Upon his letters being issued by the court, the personal representative has title to all property of the decedent."

Real and personal property are to be treated the same way in all phases of probate procedure. Prior to 1971, a personal representative only had title to the decedent's personal property. *See,* Comment, Wis. Stat. Ann. sec. 857.01 (West 1971). Thus, in the case before us it would have been appropriate for the probate court to determine if the deed effectively conveyed the real property to Anton, just as it was appropriate for that court to determine what other assets were to be included in the decedent's estate.[5]

We conclude that the estate should be reopened. On remand, Raymond and the other interested parties should be given notice of inventories filed and hearings to be held in order to have the opportunity to present evidence concerning the validity or invalidity of the purported transfer of John Omernik's real property.[6]

---

[5] Even when the probate courts were county courts (prior to 1977), such courts had jurisdiction over property regardless of possession " 'if there is a controversy over title and such controversy is incidental to and necessary for the complete administration of the estate.' " *In Matter of Estate of Corey,* 73 Wis. 2d 644, 648, 245 N.W.2d 902 (1976); *In Matter of Estate of Reist,* 91 Wis. 2d 209, 216, 281 N.W.2d 86 (1979). Both *Corey* and *Reist* involved disputes over the title to personal property.

[6] Objection by an interested party is an appropriate way to challenge the omission of an asset from an inventory. *In Matter of Estate of Ruediger,* 83 Wis. 2d 109, 264 N.W.2d 604 (1978). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated . . . to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." *Estate of MacLean,* 47 Wis. 2d 396, 404, 177 N.W.2d 874 (1970).

*By the Court.*—The decision of the court of appeals is reversed and remanded.