Estate of Bartels: Milwaukee County, Appellant, v.
Altstadt, Executor, and others, Respondents.

*December 3, 1959—January 5, 1960.*

For the appellant there was a brief by *C. Stanley Perry,* corporation counsel, and *James J. O'Donnell,* assistant corporation counsel, and oral argument by *Mr. O'Donnell.*

For the respondents there was a brief by *Talsky & Talsky* of Milwaukee, for Alois O. Altstadt, executor; by *Alfred W. Ecks* of Milwaukee, for St. Joseph's Orphan Asylum; and by *Henry V. Kane* of Milwaukee, for Little Sisters of the Poor; and oral argument by *Mr. Kane* and *Mr. Rudolph W. Talsky.*

FAIRCHILD, J. The controlling statute is sec. 46.10. Liability for maintenance of a patient in specified public institutions is imposed by sub. (2) thereof upon the—

". . . patient . . . and his property and estate, including his homestead, or the husband or wife of such patient and their property or estates, including their homesteads, and in the case of a minor child the father or mother of the patient, and their property and estates, including their homesteads, . . ."

The same subsection also authorizes the state department of public welfare to—

". . . bring action for the enforcement of such liability, except that when it shall be shown that a husband, wife, widow, or minors, or an incapacitated person may be lawfully dependent upon such property for their support, the court shall give due regard to this fact and release all or such part of the property and estate from such charge that may be necessary to provide for such persons."

Sub. (12) of sec. 46.10, Stats., grants to the district attorney of Milwaukee county, or his assistants, the same authority as the state department of public welfare. Sub. (2) also provides:

"The department shall make every reasonable effort to notify the relatives liable as soon as possible after the beginning of the maintenance but such notice or the receipt thereof is not a condition of liability of the relative."

It has been held that this subsection creates liability, and that the latter subsections of sec. 46.10, Stats., deal for the

most part with the remedy for the enforcement of that liability. *Derouin v. State Department of Public Welfare* (1952), 262 Wis. 559, 560, 55 N. W. (2d) 871. As far as the language of sub. (2) is concerned, it would seem perfectly clear that the estate of a deceased wife is liable for the maintenance afforded to her husband in one of these public institutions unless someone is lawfully dependent upon the assets of the estate, and entitled to release of part or all of it as specified in sub. (2).

The legislative history is consistent with the conclusion just expressed. Prior to 1947, the material statutes were in a different form. Sec. 46.10 (7), Stats. 1935, provided that cost of maintenance of an inmate may be recovered from "such person, or from his estate, or may be recovered from the husband or wife, father, children, or mother of such person." In *Estate of Hahto* (1940), 236 Wis. 65, 294 N. W. 500, it was decided that sub. (7) did not impose liability upon the estate of a deceased wife of an inmate, at least in the absence of a determination during the life of the wife of her ability to pay. Thus this court, under the statutes then existing, reached the same conclusion as the county court in the case now before us. This court relied, however, in part, upon the fact that sub. (7) then used the word "estate" in referring to liability of the inmate, but omitted reference to the estate in referring to the liability of relatives. Subsequently, this court made several modifications in its views as to the particular statutory source of the liability. See *State Department of Public Welfare v. Shirley* (1943), 243 Wis. 276, 10 N. W. (2d) 215; *Estate of Cameron* (1946), 249 Wis. 531, 25 N. W. (2d) 504. Immediately after the *Shirley* decision, however, the legislature amended sub. (7) by ch. 548, Laws of 1943. The legislature inserted a reference to "estates" in the provision for recovery from the husband or wife of the patient, and also inserted the following statement:

"The legislature intends, and so intended at the time this subsection was enacted by chapter 336, laws of 1935, to impose, exclusively by this subsection and no other, a liability for care in those institutions to which this subsection has application, upon the person receiving such care, upon his estate, and upon the relatives named herein and upon their estates. The words 'may be recovered' appearing in this subsection are and were intended to impose this liability."

Ch. 268, Laws of 1947, created sec. 46.10, Stats., in substantially its present form, and retained the reference to estates of relatives. Thus it seems clear that since 1943, liability has been imposed upon the estates of the relatives specified as well as upon the estate of the patient.

The decision of the county court in the matter now before us was grounded upon subs. (3), (4), and (5) of sec. 46.10, Stats. Sub. (3) requires that—

"After investigation of the ability to pay of the patient or relative liable for such maintenance, the department shall make collection from the patient or the person who in the opinion of the department under all of the circumstances is best able to pay, giving due regard to relationship and the present needs of the person or of his lawful dependents."

Sub. (4) of sec. 46.10, Stats., authorizes the department to apply to the county court for an order to compel one of the specified relatives to pay "upon the failure of any relative liable for maintenance to make payment or enter into or comply with an agreement for payment, . . ."

Sub. (5) of sec. 46.10, Stats., describes the procedure upon application to the county court and provides that the court shall—

". . . require payment of maintenance by the relative liable therefor, if of sufficient ability, having due regard to the present needs of himself and his lawful dependents. The order shall specify an amount for maintenance to be paid periodically during a specified period or until the further order of the court."

Sub. (4) of sec. 46.10, Stats., authorizes the department to commence an action upon failure to comply with the order of the county court.

Subs. (4) and (5) of sec. 46.10, Stats., do appear to contemplate a proceeding to be taken during the lifetime of the relative. Indeed, the proceeding appears to be directed at safeguarding the relative from hardship by providing for instalment payments and requiring the court to consider the relative's ability to pay, and his own, and his dependent's present needs. Most of the language of these subsections would make little sense if applied in a situation where the relative had already died, and had no further need for his property.

The county court was apparently of the opinion that the procedure prescribed by subs. (4) and (5) of sec. 46.10, Stats., was not only the exclusive remedy during the lifetime of the relative to be held responsible, but was also a condition precedent to any collection from the estate of a deceased relative.

We acknowledge that this statute must be strictly construed because it creates a liability unknown to the common law. *Derouin v. State Department of Public Welfare, supra; Guardianship of Sykora* (1956), 271 Wis. 455, 459, 74 N. W. (2d) 164.

It is our opinion, however, that the prescription in subs. (3) and (4) of sec. 46.10, Stats., of a particular procedure to be taken during the lifetime of a relative, to avoid hardship to the relative, does not reasonably detract from the clear expression in sub. (2) that the estate of the relative is liable for the maintenance afforded to the patient.

All the parties here concede that had the county applied for an order under subs. (4) and (5) of sec. 46.10, Stats., before Mrs. Bartels' death, the court could not have ordered her to make periodic payments because of her dependence upon, and need for her property for her support. The con-

struction adopted by the county court would leave anyone in her position free to dispose of her property by will, or permit it to pass intestate, even though no heir or legatee be dependent upon it. We can see no indication that the legislature intended to create such an exemption in favor of heirs and legatees. We consider that the procedure prescribed in subs. (4) and (5) was intended to protect the interests of a relative during that relative's life, but was not intended as a condition precedent to the enforcement of the liability imposed upon her estate by sub. (2).

*By the Court.*—Judgment reversed; cause remanded with instructions to enter judgment allowing the county's claim.

MARTIN, C. J., took no part.