**MAGENS POINT RESORT HOTEL, Appellant/Respondent**
**v.**
**CECIL R. BENJAMIN, COMMISSIONER, DEPARTMENT OF LABOR,**
**Appellee/Petitioner**

S. Ct. Civ. No. 2008-006

Supreme Court of the Virgin Islands

April 8, 2009

DAVID J. CATTIE, ESQ., Ogletree Deakins Law Firm, St. Thomas, USVI, *Attorney for Appellant.*

MATTHEW C. PHELAN, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice;* CABRET, *Associate Justice;* and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(April 8, 2009)

PER CURIAM. Appellant Magens Point Resort Hotel (hereafter "Magens Point") seeks review of a December 20, 2007 Superior Court order granting a petition filed by the Department of Labor (hereafter "DOL"), seeking judicial enforcement of a July 29, 1988 administrative order that required Magens Point to reinstate and award back pay to Sylvia James (hereafter "James"), a former employee who the DOL had deemed wrongfully terminated. For the following reasons, we will reverse the Superior Court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 1987, James, who had been employed by Magens Point as a maid, filed a complaint against Magens Point with the DOL, alleging that she was wrongfully terminated in retaliation for filing a sexual harassment claim against a manager. The DOL held a hearing on June 22, 1988, where, after considering evidence introduced by both parties, the hearing officer found that James was wrongfully discharged and recommended that Magens Point reinstate her with back pay. On July 29, 1988, the Commissioner of Labor issued a final order adopting the hearing officer's findings of fact and conclusions of law in their entirety. On August 31, 1988, Magens Point filed a petition for writ of review with the District Court of the Virgin Islands pursuant to title 24, section 70 of the Virgin Islands Code. The District Court administratively dismissed Magens Point's petition on November 11, 2000.

Thereafter, on July 29, 2004, the DOL filed in the Superior Court a petition for enforcement pursuant to title 24, section 78 of the Virgin Islands Code, requesting that the court enforce the July 29, 1988 DOL order and require Magens Point to reinstate James and to remit her back pay. On September 8, 2004, Magens Point filed a motion to dismiss the DOL's petition, contending that Federal Rule of Civil Procedure 13(a) required the DOL to bring its petition for enforcement as a compulsory

193

counterclaim in the District Court proceedings, and, in the alternative, that the statute of limitations for initiating a title 24, section 78 action had already run. Subsequently, the Superior Court held a status conference on October 24, 2007, and entered a memorandum opinion and order on December 19, 2007 granting the petition and requiring Magens Point to reinstate James, if she desired, and pay her back pay in the amount of $20,904.00 plus nine percent pre-judgment interest and four percent post-judgment interest. Magens Point filed its notice of appeal on January 16, 2008.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE. ANN. tit. 4, § 32(a). Since the Superior Court entered its order granting the DOL's petition on December 20, 2007, and Appellant's Notice of Appeal was filed on January 16, 2008, the Notice of Appeal was timely filed. See V.I.S.CT.R. 5(a)(1) ("the notice of appeal required by Rule 4 shall be filed with the Clerk of the Superior Court within thirty days after the date of entry of the judgment or order appealed from . . .").

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the trial court's findings of fact are reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007).

### B. The DOL Could Not Have Filed a Petition for Enforcement as a Compulsory Counterclaim in the District Court

■■ Magens Point contends that Rule 13(a) of the Federal Rules of Civil Procedure required the DOL to bring its petition for enforcement as a compulsory counterclaim during the course of the District Court proceedings or else have it deemed waived. We reject this argument. Although title 24, section 70 of the Virgin Islands Code — the statute authorizing a party to initiate a petition for writ of review — grants a

194

litigant the choice of seeking relief in either the Territorial Court[1] or the District Court, the statute granting the DOL the authority to petition for judicial enforcement of its orders, which was codified in its current form on December 29, 1986, expressly provides that "[t]he Commissioner may request the *Territorial Court of the Virgin Islands* to enforce any order issued under [the wrongful discharge statute]." 24 V.I.C. § 78 (emphasis added). Thus, the District Court, while having the statutory authority to consider Magens Point's petition for writ of review, lacked subject matter jurisdiction over the DOL's petition for enforcement. Accordingly, even if a DOL petition for enforcement arises out of the same transaction or occurrence,[2] the DOL could not have filed its enforcement action as a compulsory counterclaim, for it is well established that "the Federal Rules of Civil Procedure cannot expand the jurisdiction of the United States Courts." *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 633 (3d Cir. 1961). *See also* Revised Organic Act of 1954, § 22(a), 48 U.S.C. § 1612(b), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 152 (1995) (preceding V.I. CODE ANN. tit. 1) (limiting the District Court's general original jurisdiction to "all causes in the Virgin Islands the jurisdiction over which is not then vested by local law in the local courts of the Virgin Islands . . .").

## C. The DOL's Enforcement Action is Time Barred.

Magens Point further argues that the statute of limitations within which the DOL may bring an enforcement action lapsed prior to the date the DOL filed its petition. According to Magens Point, a petition for enforcement is subject to the six-year limitations period codified in title five, section 31(3)(B) of the Virgin Islands Code, which applies to "an action for liability created by statute, other than a penalty or forfeiture." In its brief, the DOL did not dispute Magens Point's contention that its action was subject to a six-year limitations period. However, during oral

---

[1] The Territorial Court was renamed the Superior Court on October 29, 2004. *Browne v. People*, 50 V.I. 241 n.16 (V.I. 2008).

[2] Although it is not necessary for this Court to decide this issue given that the District Court lacked subject matter jurisdiction over a petition for enforcement, we note that courts have consistently held that Rule 13(a) does not require an administrative agency to file an enforcement action as a compulsory counterclaim. *See, e.g., In re FTC Corporate Patterns Report Litigation*, 432 F. Supp. 274, 283-84 (D.D.C. 1977); *A.O. Smith v. FTC*, 417 F. Supp. 1068, 1088-89 (D. Del. 1976).

arguments in this case, the DOL changed its position and argued that an enforcement action is "[a]n action upon a judgment or decree of any court of the United States, or of any State, Commonwealth, or Territory within the United States," within the meaning of title five, section 31(1)(B), and thus subject to a twenty year limitations period.

■ We reject both arguments. But before addressing the relative merits, we are compelled to note that our discussion is limited by the DOL's express waiver in this case of the government's sovereign immunity. Although the Government of the Virgin Islands is not itself a sovereign entity, it is well established that Congress intended such entities to enjoy a concept similar to the sovereign immunity afforded to the states. *See People of Porto Rico v. Rosaly y Castillo*, 227 U.S. 270, 275-76, 33 S. Ct. 352, 57 L.Ed. 507 (1913). Under this principle, the Virgin Islands territorial government is not bound by the general statute of limitations unless it gives its consent. *In re Hooper's Estate*, 5 V.I. 518, 535, 359 F.2d 569, 578 (3d Cir. 1966). In this case, the DOL has not only argued that a specific statute of limitations applies to this action, but the Assistant Attorney General representing the DOL expressly stated at oral argument that the government would not assert a sovereign immunity defense in this matter. Because the DOL has waived any argument in this case that its sovereign immunity barred application of a statute of limitations, we do not address the threshold questions of whether the enforcement action was subject to a statute of limitations. *See United States v. County of Cook*, 167 F.3d 381, 385-88 (7th Cir. 1999).

■ With this in mind, we turn to the merits of the parties' respective statute of limitations arguments. Contrary to Magens Point's assertions, section 78 of title 24 is not a statute that *creates* liability. Rather, it is section 76 — the wrongful discharge statute — which created Magens Point's underlying liability in this matter, with section 78 simply providing the DOL with a mechanism to obtain judicial *enforcement* of its own administrative orders. *See In re Bartels' Estate*, 9 Wis. 2d 147, 100 N.W.2d 568, 569 (1960) (distinguishing between statutes that create liability and those that create a remedy for enforcement of that liability). Since section 78 allows the DOL to enforce a liability created under section 76 and adjudicated pursuant to section 77, a petition for enforcement filed pursuant to section 78 is not subject to the six-year limitations period codified in title five, section 31(3)(B).

196

■ Likewise, this Court rejects the DOL's argument that section 31(1)(B) of title five, to the extent it would be applicable to this case, imposes a twenty-year statute of limitations to file a petition for enforcement under section 78. It is well established that an administrative agency — even one that performs judicial functions — is not a court. *See, e.g., Delta Drilling Co. v. Cannette*, 489 So.2d 1378, 1380-81 (Miss. 1986). Thus, a DOL order would not constitute a "judgment or decree of any court of the United States, or of any State, Commonwealth, or Territory within the United States" pursuant to title five, section 31(1)(B). Because the DOL maintains that its enforcement rights are subject to a statute of limitations, and neither section 31(1)(B), section 31(3)(B), nor any other statutory provision imposes a limitations period on a petition for enforcement, we find that the only statute of limitations that could apply is found in title five, section 31(2)(A), which provides for a ten-year limitations period for "[a]n action[3] for any cause not otherwise provided for in this section."

The DOL, however, contends that its enforcement action is timely — regardless of which limitations period is used — because the statute of limitations did not begin to run until after the District Court dismissed Magens Point's petition for writ of review and the sixty-day period to re-file had run. Magens Point argues that the statute of limitations began to run when the DOL entered its July 29, 1988 order, since that order constituted a final order, no statutory provision imposed an automatic stay, and no party sought or received a stay from any court.

■■ We agree with Magens Point that no stay occurred in this case. Title 24, section 71, which deals with stays of DOL orders, does not provide an automatic stay, but expressly states that the filing of a petition for writ of review "shall not operate as a stay of the Commissioner's order, unless specifically ordered by the court." Furthermore, it is well established that, in the absence of a stay, a court order may be executed even if it has been challenged by an appeal to a tribunal that may reverse, vacate, or otherwise modify the order. *See, e.g., In re Federal Facilities Realty Trust*, 227 F.2d 651, 654 (7th Cir. 1955). Because the District

[3] **[6]** The Supreme Court of the United States has described litigation initiated to enforce a judgment as an "action." *See McKnett v. St. Louis & S.F. Ry. Co.*, 292 U.S. 230, 233, 54 S. Ct. 690, 78 L. Ed. 1227 (1934). *See also* BLACK'S LAW DICTIONARY 31 (8th ed. 2004) (defining "action" as "a civil or criminal judicial proceeding.").

Court did not stay execution of the DOL's July 29, 1988 order, the pendency of the District Court proceedings did not toll the ten-year statute of limitations provided by section 31(2)(A). Accordingly, we reverse the trial court on the basis that the ten-year limitations period had lapsed six years before the DOL initiated its enforcement action in the Superior Court.[4]

## III. CONCLUSION

We hold that the DOL was not required to bring a petition to enforce its July 29, 1988 order as a compulsory counterclaim in the District Court proceeding because that court did not have subject matter jurisdiction to hear such an action. However, in light of the fact that the DOL waived the defense of sovereign immunity and asserted that its enforcement rights in this case were subject to a statute of limitations, we also hold that the District Court proceedings did not toll the ten-year statute of limitations period established by title 5, section 31(2)(A) of the Virgin Islands Code. Accordingly, we conclude that the DOL's action was untimely, and reverse the Superior Court's order granting the DOL's petition.

---

[4] Magens Point also argues that the trial court erred when it determined the amount of back pay owed to James without an evidentiary hearing and used the incorrect interest rate to calculate pre-judgment and post-judgment interest. Because we reverse the trial court's order granting the DOL's petition, it is not necessary to consider the merits of these other alleged points of error.